CHIASSON, Judge.
The Department of Highways, plaintiff-appellant, expropriated under La.R.S. 48:441 et seq. 7.201 acres in full ownership and 0.190 acres as a temporary construction servitude from a tract which contained 29.-934 acres. This tract, owned by Baton Rouge Realty Company, Ltd., defendant-ap-pellee/appellant, was located on the northeast corner of the intersection of Airline Highway and Greenwell Springs Road.
*1319 After a trial on the merits the District Court awarded Baton Rouge Realty $203,-000.00 as the market value of the property taken and $56,964.00 as severance damages. The Highway Department has appealed this judgment contending that the District Court erred in awarding severance damages. Baton Rouge Realty has answered this appeal arguing that the award of the District Court for the land taken and for severance damages should be increased.
The District Court based its award of the market value of the property expropriated on the testimony of Darrel V. Willet, one of the five appraisers who testified at the trial. In making his appraisal Mr. Willet divided the entire property into five use tracts and estimated the market value of each tract based on its highest and best use. A front foot method was used to estimate the value of the commercial use tracts. From these figures the average unit value of each commercial use tract was determined. The average unit value of each tract was then used to determine the value of the portion of each tract expropriated. This method was approved by the Louisiana Supreme Court in State, Through Department Of Highways v. Hoyt, La., 284 So.2d 763 (1973).
The inclusion of that portion of the tract which fronted on Greenwell Springs Road from 300 to 500 feet from Airline Highway in the rear Airline Highway frontage use tract was consistent with the method applied by Mr. Willet throughout his evaluation. Therefore, the District Court’s acceptance of this evaluation cannot be said to be manifestly erroneous.
The District Court’s award for severance damages was based on the testimony of Verdie Reece Perkins who testified on behalf of Baton Rouge. Realty. Of the $56,-946.00 awarded as severance damages $41,-415.00 were for damages to the remainder of the commercial property and $15,531.00 were for damages to the remainder of the residential property.
It was Mr. Perkins’ opinion that the remainder of the commercial property has lost one-third of its value because of the expropriation. In the absence of other testimony affording a basis for determining severance damages, the Highway Department’s experts all testified that there were no severance damages, the Court can accept the judgment of the landowner’s expert appraisers as to the loss suffered. State, Through Department Of Highways v. Hoyt, supra.
The District Court found damage to the remaining commercial property because:
The remaining property no longer was a corner;
The remaining property had no frontage on any highway or major road;
The only frontage to the remaining property was on a service road, and the total of that frontage was 367.79 feet less than the total frontage of the property on the major highways prior to the taking;
The remaining property was reduced to a very odd shaped tract, with its only access being through an access road, which ran along a waving line, more or less bow shaped;
The view of the property from traffic proceeding north on Airline Highway was destroyed by the overpass, which was more than 20 feet higher than the property (Offering 0-1);
The view of the property from traffic moving east on Greenwell Springs Road was obstructed by the overpass;
The only way for traffic going east on the Greenwell Springs Road to get to the access road was to leave the highway and make a left turn into Lanier Drive and then another left turn into the access road;
The only way for traffic going west on the Greenwell Springs Road to get to the property was to make a right turn into Lanier Drive and then a left turn into the access road;
Traffic going south on Airline Highway would have to know where the property was and make a left turn into Maribel Drive before it arrived at the property and then make a right turn onto the access road; or, if it missed the turn into *1320 Maribel Drive, turn west into Greenwell Springs Road on the access road and then cross the overpass with the same compli-catiohs for traffic going east on the Greenwell Springs Road, as set out above. (Written Reasons for Judgment, page 4.)
There was no manifest error in the District Court’s award for damages to the remaining commercial property. However, none of the above factors apply to the Court’s award for damages to the remaining residential property.
Of the five appraisers who testified in this case only Mr. Perkins was of the opinion that there was damage to the remaining residential property. Mr. Perkins stated, without providing reasons, that the remaining residential property had been damaged $1,000.00 per acre. When an expert appraiser’s opinion is not well grounded in logical reasoning or supported by acceptable evidence, such as good compara-bles, the Court may disregard it, and follow those which are well grounded and logically reasoned. State v. D. H. Sanders Realty-Company, 244 La. 934, 155 So.2d 24 (1963); State, Department Of Highways v. Clement, La.App., 311 So.2d 5 (1st Cir. 1975). There is no proof that the remaining residential property has been damaged as a result of the expropriation.
Baton Rouge Realty has also appealed the expert witness fees fixed by the District Court and the interest rate set on the judgment.
The fixing of expert witness fees is within the discretion of the District Court and no change will be made in the amount fixed unless there is an abuse of discretion. Monroe Redevelopment Agency v. Merkel, La.App., 321 So.2d 429 (2nd Cir. 1975). We find no abuse of discretion in this case.
The expropriation of the property in the present case occurred prior to the amendment of Louisiana Civil Code Article 1938 by Act No. 315 § 1 of 1970 which increased the legal interest rate from five percent to seven percent. Therefore, the District Court was correct in setting the interest rate at five percent. State, Department Of Highways v. Ronaldson, La.App., 316 So.2d 898 (1st Cir. 1975).
For the foregoing reasons the judgment of the District Court is amended to reduce the award to Baton Rouge Realty to $244,-415.00 less the sum of $164,777.00 deposited by the Department of Highways.
AMENDED AND AFFIRMED AS AMENDED.