LOTTINGER, Judge.
These consolidated suits arise out of a contractual relationship between Charles Carter & Company, Inc. (Carter), as general contractor and The Charles W. Hogg Company, Inc. (Hogg), as subcontractor for the mechanical subcontract work performed in the construction of the Louisiana State University Field House on its Baton Rouge campus. Both of these cases will be handled in this opinion, however, separate judgments will be rendered.
In suit number 11717, Carter sues its subcontractor, Hogg, for attorney’s fees for successfully defending a suit instituted by Hogg against Carter for money due under the subcontract. The subcontract in part provides:
“21. Should Contractor [Carter] employ an attorney to enforce any of the provisions hereof, or to protect its interest in any matter arising under this contract, or to collect damages for the breach of this contract, or to prosecute or defend any suit resulting from this contract, or to recover on the surety bond given by Subcontractor [Hogg] under this contract, Subcontractor and his surety, jointly and severally, agree to pay Contractor all reasonable costs, charges, expenses and attorney’s fees expended or incurred therein.” (Emphasis supplied.)
In the suit previously filed by Hogg against Carter for recovery of money due under this subcontract, the suit was dismissed on a dilatory exception of prematurity. In the instant suit, the Trial Court awarded attorney’s fees in the amount of $500.00 with interest and cost.
In appealing Hogg argues that in McGowan-Rigsby Sup., Inc. v. Charles Carter & Company, Inc., 268 So.2d 716 (La.App. 1st Cir. 1972) this Court disallowed attorney’s fees for defending the suit under a contract with a similar clause where plaintiff was successful. It is further argued that no distinction should be made between an initial suit being dismissed on a dilatory exception of prematurity, and subsequently an identical suit being filed and being successfully prosecuted. Lastly, it is argued that controversies over the terms of a contract must be resolved in the light of the principle that informed and experienced parties do not ordinarily bind themselves to unreasonable obligations.
Parties are allowed to contract as to attorney’s fees and where the language of the agreement is clear and unambiguous, it should not be disregarded. Maloney v. Oak Builders, Inc., 256 La. 85, 235 So.2d 386 (1970).
Predating the McGowan decision, this Court in West Bank Steel Erec. Corp. v. Charles Carter & Company, 248 So.2d 52 (La.App. 1st Cir. 1971) in interpreting the same contractual language as to attorney’s fees as above quoted, allowed an award of attorney’s fees where the general contractor was successful in a suit on the contract by the subcontractor.
Therefore, we conclude that inasmuch as Carter was successful in defending the previous suit by Hogg the award by the Trial Judge of attorney’s fees was not in error.
*18 SUIT NO. 11718
In suit number 11718, Hogg sues Carter, ex contractu for $18,944.04, the amount allegedly due Hogg under its contract with Carter. Carter reconvened claiming delay penalties of $27,300.00 plus $226.04 for cleanup work and the correction of deficiencies, both of which were to be done by Hogg. The Trial Court found in favor of the plaintiff on the main demand subject to a credit of $226.04, but denied the reconven-tional demánd for delay penalties. From this judgment, Carter has appealed.
In appealing, appellant contends the Trial Judge erred (1) in giving the testimony of W. J. Evans, the project architect who was stipulated as an expert witness, as to the delays, the weight of an expert; (2) in dismissing the recon ven tional demand; and (3)in awarding Evans an excessive expert witness fee of $400.00.
In his oral reasons for judgment the Trial Judge said:
“With regard to the recon ven tional demand, as I stated already, the evidence to me doesn’t present the problem that some cases do. I simply find that in this case the plaintiff in reconvention has the burden of proof to prove by a preponderance of the evidence that the subcontractor in some way caused the delays for the completion of this project. I find that plaintiff in reconvention has not met that burden; to the contrary, the Court feels that the evidence preponderates that the mechanical contractor did not contribute to the delay. We have the solid testimony of Mr. Evans with regard to that. It’s more than an opinion because although stated in opinion, he more or less backed that opinion up satisfactorily with the records and both, his records which were made by Mr. Hunt [clerk of the works] and the documentation of log of Mr. Porter, [superintendent on the job for Carter] in which there’s really nothing. Mr. Porter gave an opinion that there was some delay because of the mechanical contractor’s performance but he is not able to tell the Court which days. September 24, 1973, as I recall, was the date the drains were completed. It wasn’t until late May that any work was ever started on the floor. Certainly in all those months there were other factors, and Mr. Evans pointed out one of them. I believe he is the person who was concerned about delay as much as, or almost as much as Mr. Carter was; certainly Mr. Evans on behalf of the owner was wanting to prosecute the work to completion and certainly he is an independent witness with regard to this controversy.”
ERROR NO. 1
We find no error on the part of the Trial Judge in his reliance on the testimony of W. J. Evans. Mr. Evans was accepted as an expert in architecture by stipulation. That testimony given by him as to whether the subcontractor delayed the completion of the entire project was entirely within his field of expertise.
ERROR NO. 2
Since this case presents merely a question of fact, we find no error on the part of the Trial Judge in denying the reconventional demand. After reviewing all of the evidence and listening to all of the witnesses, the Trial Judge concluded that from the evidence presented, the defendant and plaintiff in reconvention did not prove his case by a preponderance of the evidence.
ERROR NO. 3
Lastly, much discretion rest with the Trial Judge in the fixing of expert witness fees. State, Department of Highways v. Baton Rouge Realty Company, Ltd., 339 So.2d 1317 (La.App. 1st Cir. 1976). Though Mr. Evans was the project architect on this construction job, we do not find the fee of $400.00 as fixed by the Trial Judge to be excessive.
Therefore, for the above and foregoing reasons, the judgment of the Trial Court is affirmed. Appellant to pay all costs.
AFFIRMED.