552 So.2d 1220 (1989)
STATE of Louisiana, DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT
v.
S.J. McCLENDON, et al.
No. 89-CA-229.
Court of Appeal of Louisiana, Fifth Circuit.
October 31, 1989.
Writ Denied January 5, 1990.
*1221 Leon C. Vial, III and Julie M. Burke, Hahnville, for defendants-appellants.
Ronald J. Bertrand, Bertrand & Soileau, Rayne, for plaintiff-appellee.
Before KLIEBERT, GAUDIN and GRISBAUM, JJ.
GRISBAUM, Judge.
This is an expropriation matter. The defendants (landowners) are appealing the unanimous verdict of a six-person jury which awarded the defendants $250,000 for the land and $55,000 in severance damages. The plaintiff answered the appeal seeking modifications and revisions relating to interest. We amend and affirm.
ISSUE
We are called upon to determine whether the trial court erred in calculating the interest on the excess[1] due the landowners from the date of the actual taking rather than from the date of judicial demand.[2]
FACTS
The State of Louisiana, Department of Transportation and Development (DOTD) filed an expropriation proceeding in accordance with La.R.S. 48:441-48:460 and deposited $226,367 into the registry of the court. The defendants subsequently answered the petition on February 20, 1985, asking for additional compensation. The case was tried by a jury on October 26 and 27, 1988. Judgment was rendered in favor of the defendants, awarding $250,000 in compensation and $55,000 in severance damages. After allowing for the appropriate credits, the trial court awarded interest on the excess amount due, calculating interest from July 6, 1983, the date of the taking.
La.R.S. 48:455 was amended during the 1988 regular legislative session to read as follows: "If the amount finally awarded for compensation exceeds the amount deposited, the judgment shall include legal interest on the excess from the date of legal demand until paid, but such interest shall not accrue on any award made for expert fees or attorney fees prior to judgment." Prior to that time, the statute provided that interest was payable from the date that title vested in the plaintiff, i.e., the date of taking, to the date of payment. The effective date of the amended statute was September 9, 1988. Therefore, we find this statute was in effect on the date the judgment was rendered.
The record shows the plaintiff claims that the statutory amendment did not create or remove any vested right to seek legal interest on an excess award because the defendants' rights to interest did not accrue until judgment was rendered. On the other hand, the defendants claim that their right to legal interest accrued prior to the effective date of the amended statutes because their cause of action preceded the "amendment."
ANALYSIS
As noted by the court in Jefferson Disposal Co. v. Parish of Jefferson, 603 F.Supp. 1125, 1135 (E.D.La.1985)
Any discussion of the constitutionality of the retroactive application of a statute must begin with the first principle "that a court is to apply the law in effect at the time it renders its decision, unless doing so would result in manifest injustice or there is statutory direction or legislative history to the contrary." Bradley v. School Board of City of Richmond, 416 U.S. 696, 711, 94 S.Ct. 2006, 2016, 40 L.Ed.2d 476 (1974).
(Footnote omitted.)
The legislature may not divest an individual of a vested property right protected by the due process of the Federal Constitution.
A right is vested when "the right to enjoyment, present or prospective, has become the property of some particular person or persons as a present interest. The right must be absolute, complete and unconditional, independent of a contingency, and a mere expectancy of future *1222 benefit ... does not constitute a vested right."

Clements v. State Dep't of Health, etc., 391 So.2d 66, 68 (La.App. 4th Cir.1980) (footnote omitted).
As a general rule, "there is no vested right to a particular remedy. A statute is not unconstitutional, therefore, merely because it changes, abolishes, or impairs an existing remedy for a cause of action that has accrued prior to the passage of the statute...." 12 C.J. § 558, p. 974.
"`The State has complete control over the remedies of its citizens in the Courts. It may give a new and additional remedy for a right already in existenceor may abolish old and substitute new remedies. It may modify an existing remedyor remove an impediment in the way of judicial proceedings. Thus[,] it is said by this Court that retrospective laws may be made when they do not impair the obligation of contracts, or divest or impair vested rights; such as, laws providing new and additional remedies for a just right already in being, laws modifying or changing remedies, and all other strictly remedial laws; and there are many other laws that are retrospective according to the letter, yet not prohibited by the Bill of Rights[.]'"
Brown v. Indemnity Ins. Co. of N. Am., 108 So.2d 812, 815 (La.App.2d Cir.1959) (quoting Dowlen v. Fitch, 196 Tenn. 206, 264 S.W.2d 824, 826 (1954)).
When, however, a legislative change alters the substantive rights of the parties the constitutional validity of applying the change to a pending case does become suspect.... On the other hand, when a statute changes only remedies or procedures, and does not affect substantive rights, there is no constitutional barrier to applying it to a pending case.
Jefferson Disposal, supra at 1136.
Here, defendants' substantive right to bring a cause of action against the State, seeking compensation and damages for property taken, was not abridged by the amendment. The sole effect of the amendment was to alter the date from which interest was calculated thus making this change remedial in nature, rather than substantive. Prior to judgment, defendants' right to assert a claim for interest was not absolute. Instead, it was contingent upon a finding that defendants were in law and in fact entitled to excess compensation. Therefore, we find that retroactive application of the amended statute would not divest defendants of any constitutionally protected property right.
For the reasons assigned, that portion of the trial court's judgment dated December 2, 1988 which reads "with interest at the rate of 12 percent per annum from July 7, 1983 through December 31, 1987, and 9.75 percent from January 1, 1988, to present," is amended to read "with interest at the rate of 12 percent per annum from February 20, 1985, the date of the demand, through December 31, 1987, and 9.75 percent from January 1, 1988 to present." In all other respects, the trial court's judgment dated December 2, 1988 is hereby affirmed. Each party is to bear its own costs of this appeal.
AMENDED AND AFFIRMED.
KLIEBERT, Judge, dissenting.
I respectfully dissent from the majority view insofar as it computes interest on the excess award from February 20, 1985 (the date the landowners' answer was filed) rather than from July 7, 1983 (the date on which the State's petition taking title to the land was filed). My reasons for doing so are as follows:
Under the provisions of the 1974 Louisiana Constitution, Article 1, Section 4, "Property shall not be taken or damaged by the State or its political subdivisions except for public purposes and with just compensation paid to the owner or into Court for his benefit." Under the "quick taking" statute (R.S. 48:441 et seq.) upon deposit of the amount "of money estimated to be the amount of the full extent of the owners' loss" title to the land taken passed to the State and "... the right to just and adequate compensation vest in..." the owner of the land. R.S. 48:445.
*1223 The measure of compensation for the property taken "... is determined as of the time the estimated compensation was deposited into the registry of the court" and the owner "... shall be compensated to the full extent of his loss." R.S. 48:453. Further, prior to the enactment of Act No. 822 of 1988, R.S. 48:455 clearly provided that where the amount of the deposit was inadequate the excess judgment was to include "legal interest on the amount finally awarded as of the date title vests in the plaintiff to the date of payment," but interest shall not be allowed on so much thereof as has been deposited in the registry of the Court. Thus, the "quick" taking statute adhered to the constitutional concept of "just compensation" by requiring the payment of interest on the amount of the award in excess of the deposit (excess judgment) from the date the landowners' land was taken.
Act No. 822 of the 1988 Acts, effective September 8, 1988, amended R.S. 48:455 to provide "If the amount finally awarded exceeds the amount deposited ... the judgment shall include legal interest on the excess from the date of legal demand until paid, ..." While ignoring the concept of "just compensation" required by Article 1, Section 4 of the Constitution and R.S. 48:453, the majority interprets the phrase "from the date of legal demand" to mean from the date the defendant filed his answer and then proceeded to apply the interpretation retroactively to a taking which occurred on July 7, 1983.
In my view adherence to the majority interpretation and retroactive application of R.S. 48:455, as amended by Act No. 822, would be violative of the constitutional requirement of paying "just compensation" and the prohibition against ex post facto laws. (Article 1, Section 23 and Civil Code Article 6). See also State, Department of Highways v. Ronaldson, 316 So.2d 898 (1st Cir.1975) and the line of cases discussed therein and those which have subsequently followed the rational, such as State of Louisiana, Department of Highways v. Baton Rouge Realty Company, 339 So.2d 1317 (1st Cir.1976).
For those reasons I respectfully dissent from the majority opinion insofar as it computes the interest due on the excess judgment from the date of the landowners' answer (February 20, 1985) rather than from the date of the taking (July 7, 1983).
NOTES
[1] That is, the amount of the final award of compensation exceeding the amount deposited in the registry of the court.
[2] The remaining issue in this case presents no novel questions and, thus, is treated in an unpublished appendix.