570 So.2d 513 (1990)
STATE of Louisiana, DEPARTMENT OF TRANSPORTATION & DEVELOPMENT
v.
Leona F. STEIN, et al.
No. 90-CA-274.
Court of Appeal of Louisiana, Fifth Circuit.
November 14, 1990.
Ronald J. Bertrand, Rayne, for plaintiff/appellant.
Anthony J. Nobile, Lutcher, for defendant/appellee.
Before CHEHARDY, KLIEBERT, BOWES, GAUDIN, GRISBAUM, DUFRESNE, WICKER and GOTHARD, JJ.
WICKER, Judge.
The State of Louisiana, Department of Transportation and Development (DOTD) appeals the award of interest in an expropriation proceeding. The only issue is whether interest runs from the date of the taking or the date of the landowner's answer, a matter of several hundred thousand dollars. We affirm.
DOTD sued Leona F. Stein; Harry Stein, Jr.; Janice C. Stein; Donald Stein; Nancy R. Stein; Roland Stein; Margaret L. Stein; Roy Stein; and Barbara Ann Melancon Stein, owners of plantation property in St. James Parish, under the quick taking statute on October 16, 1978. (Parts of the Steins' plantation had previously been taken for the Sunshine Bridge and other projects.) DOTD deposited $206,469.00 in compensation for the Steins. The Steins filed an answer and reconventional demand asking for an additional $837,302.00 in compensation on May 20, 1983. They amended their answer and reconventional demand on October 10, 1988, to increase the demand for severance damages.
Following trial, the judge awarded $859,907.00 in damages over and above the deposit, along with costs and fees, on June 27, 1989. That judgment also awarded legal interest on the additional compensation from October 16, 1978.
DOTD has appealed only the award of interest, arguing that it should run from *514 the date of judicial demand. DOTD interprets "judicial demand" to be the date the Steins filed their answer and reconventional demand or their amended answer and reconventional demand. The Steins argue that the judge was correct in awarding interest from the date of the taking. If DOTD's contention is correct, the Steins will lose between $375,489.00 and $915,076.00 in interest, depending upon whether interest runs from the Steins, original or amended answers.
La.R.S. 48:455 governs the award of interest under the quick taking statute, La.R.S. 48:441 et seq. When DOTD filed its petition on October 16, 1978, La.R.S. 48:455 read, "The judgment rendered therein shall include, as part of the just compensation awarded, legal interest on the amount finally awarded as of the date title vests in the plaintiff to the date of payment, but interest shall not be allowed on so much thereof as has been deposited in the registry of the court." The award of interest under that statute had been interpreted as running from the date of taking. State, through Dept. of Highways v. Bougere, 363 So.2d 228 (La.App. 4th Cir.1978), writ den. 364 So.2d 120 (La.1978).
That statute was amended in 1988 to read, "If the amount finally awarded for compensation exceeds the amount deposited, the judgment shall include legal interest on the excess from the date of legal demand until paid, but such interest shall not accrue on any award made for expert fees or attorney fees prior to judgment." This amendment raises the issue which is present in the instant case: does the amendment apply retroactively to proceedings which were begun prior to its effective date?
This court has already considered the issue in State, DOTD v. McClendon, 552 So.2d 1220 (La.App.1989), writ den. 556 So.2d 38 (La.1990). In that case, DOTD expropriated the McClendon property on July 6, 1983. McClendon answered on February 20, 1985, asking for additional compensation. A jury awarded additional compensation, and the judge awarded interest from the date of the taking. Both the landowner and DOTD appealed, the landowner on the amount of compensation and DOTD on the accrual of interest. The panel began its analysis of the issue by citing a federal district court case for the proposition that "a court is to apply the law in effect at the time it renders its decision, unless doing so would result in manifest injustice or there is statutory direction or legislative history to the contrary." Jefferson Disposal Co. v. Parish of Jefferson La., 603 F.Supp. 1125, 1135 (E.D.La.1985). It then discussed whether or not the right to receive a particular remedy is a vested right subject to constitutional protection, citing Corpus Juris and a Tennessee case.[1] Two members of the panel held:
Here, defendants' [the landowners'] substantive right to bring a cause of action against the State, seeking compensation and damages for property taken, was not abridged by the amendment. The sole effect of the amendment was to alter the date from which interest was calculated thus making this change remedial in nature, rather than substantive. Prior to judgment, defendants' right to assert a claim for interest was not absolute. Instead, it was contingent upon a finding that defendants were in law and in fact entitled to excess compensation. Therefore, we find that retroactive application of the amended statute would not divest defendants of any constitutionally protected property right.
At 1222. A strong dissent to the majority reasoned, at 1222-23:
Under the provisions of the 1974 Louisiana Constitution, Article 1, Section 4, "Property shall not be taken or damaged by the State or its political subdivisions except for public purposes and with just compensation paid to the owner or into Court for his benefit." Under the "quick taking" statute (R.S. 48:441 et seq.) upon deposit of the amount "of money estimated to be the amount of the full extent of the owners' loss" title *515 to the land taken passed to the State and "... the right to just and adequate compensation vest in ... the owner of the land. R.S. 48:445.
The measure of compensation for the property taken "... is determined as of the time the estimated compensation was deposited into the registry of the court" and the owner "... shall be compensated to the full extent of his loss." R.S. 48:453. Further, prior to the enactment of Act No. 822 of 1988, R.S. 48:455 clearly provided that where the amount of the deposit was inadequate the excess judgment was to include "legal interest on the amount finally awarded as of the date title vests in the plaintiff to the date of payment," but interest shall not be allowed on so much thereof as has been deposited in the registry of the Court. Thus, the "quick" taking statute adhered to the constitutional concept of "just compensation" by requiring the payment of interest on the amount of the award in excess of the deposit (excess judgment) from the date the landowners' land was taken.
Act No. 822 of the 1988 Acts, effective September 8, 1988, amended R.S. 48:455 to provide "If the amount finally awarded exceeds the amount deposited ... the judgment shall include legal interest on the excess from the date of legal demand until paid, ..." While ignoring the concept of "just compensation" required by Article 1, Section 4 of the Constitution and R.S. 48:453, the majority interprets the phrase "from the date of legal demand" to mean from the date the defendant filed his answer and then proceeded to apply the interpretation retroactively to a taking which occurred on July 7, 1983.
In my view adherence to the majority interpretation and retroactive application of R.S. 48:455, as amended by Act No. 822, would be violative of the constitutional requirement of paying "just compensation" and the prohibition against ex post facto laws. (Article 1, Section 23 and Civil Code Article 6). See also State, Department of Highways v. Ronaldson, 316 So.2d 898 (1st Cir.1975) and the line of cases discussed therein and those which have subsequently followed the rational, such as State of Louisiana, Department of Highways v. Baton Rouge Realty Company, 339 So.2d 1317 (1st Cir.1976). (Emphasis in the dissent.)
Another panel of this court followed the McClendon case in State through DOT v. Estate of Davis, 560 So.2d 566 (La.App. 1990), writ granted 565 So.2d 424 (La. 1990), without discussion. The Fourth Circuit has also followed McClendon in DOTD v. Maynard, 565 So.2d 532 (La.App. 1990), writ denied 568 So.2d 1079 (La.1990).
The Second Circuit, however, has twice declined to follow McClendon, finding that the statute affects substantive rights and thus should not be applied retroactively. State, Dept. of Transp. & Dev. v. Lanier, 564 So.2d 791 (La.App.1990); Dept. of Transp. & Dev. v. Williamson, 557 So.2d 731 (La.App.1990), writ denied 563 So.2d 1157 (La.1990). The Third Circuit has also held that La.R.S. 48:455 is a substantive law and refused to apply it retroactively. State, DOTD v. Anderson, 568 So.2d 657 (La.App.1990).
We believe on reconsideration that the reasoning of the dissent in McClendon is the better view and for that reason affirm the award of interest from the date of the taking in 1978 in favor of the Steins. In so doing, we overrule State of Louisiana, Department of Transportation and Development v. McClendon, supra, and State through DOT v. Estate of Davis, supra.
The Steins are entitled under the Louisiana Constitution to "just compensation" for their property. La. Const. Art. I, Sec. 4. To be justly compensated, an owner must be put in as good a pecuniary position as before the taking. State, Dept. of Transp. v. Hecker, 493 So.2d 125 (La. App. 5th Cir.1986), writ den. 494 So.2d 325-26 (La.1986). If the Steins had sold their property for its fair market value on the day DOTD expropriated it, they would have had the use of the money and earned interest on it from that point. If we were to deny them the interest which accrued from the date DOTD took their property, *516 we would be denying them their constitutionally guaranteed just compensation. This right was vested under pre-1988 La. R.S. 48:455, and we do not believe that the Steins can be divested of the right to over $900,000.00 in interest by calling it a matter of "procedure" rather than "substance."
We hold that the interest provision of La.R.S. 48:455 is substantive and should be applied only prospectively unless the legislature has otherwise provided. La. C.C. art. 6. We find no indication that the legislature intended the 1988 amendment to apply retroactively. This ruling accords with those cases which hold that changes in the legal interest rate are not retroactive to previously-filed cases, since legal interest is a matter of substantive law. See State, Dept. of Hwys. v. Baton Rouge Realty, supra; State, Department of Highways v. Ronaldson, supra.
AFFIRMED.
GRISBAUM, J., dissents with reasons.
GRISBAUM, Judge, dissenting with written reasons.
As the organ for this Court in State of La., Dep't of Transp. and Dev. v. McClendon, 552 So.2d 1220 (La.App. 5th Cir.1989), I must respectfully dissent and observe that the majority seems determined to equate the inalienable right of ownership of property with what appears to be their designated inalienable right to interest as of the time of taking in an expropriation or appropriation matter. This logic escapes me. They then go on to redefine "legal demand" to mean the time the State files suit (at the time of taking), rather than the time the landowner files a reconventional demand for additional compensation. Again, this conclusionary logic baffles me. Finally, the Louisiana Constitution is thrown in in a blanket fashion as sort of a justification for all of the above conclusions based upon conclusions. Once again, I am lost with the lack of rationale.
Upon a closer reading of the majority opinion, it inescapably brings to mind the observation of Abraham Lincoln that no matter how hard one tries you cannot make pigeon soup out of the shadow of a clay pigeon.
In the final analysis, what really concerns me is that this inference upon inference upon inference is being played in the arena of dissipating the "State fisk," giving the odor of the old "deep pocket" syndrome. Surely we recognize that the State is us, we the taxpayer.
NOTES
[1] 12 Corpus Juris Sec. 558, p. 974; Dowlen v. Fitch, 196 Tenn. 206, 264 S.W.2d 824 (1954) (quoted in Brown v. Indemnity Ins. Co. of N. Am., 108 So.2d 812 (La.App. 2d Cir.1959).