615 So.2d 405 (1993)
Joseph JENKINS
v.
STATE of Louisiana, City of New Orleans, James Stevens, Edward Baldwin, Lyle Trabeau.
No. 92-C-2477.
Court of Appeal of Louisiana, Fourth Circuit.
February 26, 1993.
Writ Denied May 14, 1993.
Richard P. Ieyoub, Atty. Gen., John J. Hainkel, Jr., III, Sp. Asst. Atty. Gen.,
*406 Lemle and Kelleher, New Orleans, for relator.
Ernest Lee Caulfield, Maurice A. Williams, New Orleans, for respondent.
Before SCHOTT, C.J., and KLEES, BYRNES, WALTZER and LANDRIEU, JJ.
SCHOTT, Chief Judge.
On the application of the State of Louisiana we grant certiorari to consider the validity of a judgment of the trial court overruling relator's exception of res judicata. We affirm on the basis of LSA R.S. 13:4232(1).
In 1991 respondent filed suit in the Civil District Court for the Parish of Orleans for damages resulting from his alleged fraudulent conviction of murder in 1957 and wrongful incarceration for thirty years. He based his claim on C.C. art. 2315 and 42 U.S.C.A. 1983. The suit was removed to the federal court. In April 1992 respondent filed a second suit in state court identical to the one pending in federal court.
Shortly after filing the second suit in state court respondent filed a motion in the federal court to remand the first suit back to the state court. On June 5 the federal court denied this motion for the reason that respondent had not provided a legal basis for his motion. On July 29 the court denied respondent's motion for reconsideration of his motion for remand. On August 6 the federal judge signed the following judgment:
This matter was brought before the Court on a call of the docket, after due notice to attorneys of record to show cause why no action had been taken, and no good cause being shown the Court ordered the case dismissed; wherefore, IT IS ORDERED, ADJUDGED AND DECREED that there be judgment in favor of the defendant(s), and against plaintiff(s), dismissing the suit at plaintiff's costs, for failure to prosecute.
Rule 41(b) of the Federal Rules of Civil Procedure provides as follows:
For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits. [Emphasis added]
In Silas v. Sears, Roebuck & Co., Inc., 586 F.2d 382, 385 (1978) the court recognized the right of the district court to dismiss an action under Rule 41(b) for failure to prosecute and held that such a dismissal is an appealable judgment. In the instant case respondent failed to appeal from the judgment dismissing his case.
R.S. 13:4231 provides as follows:
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
* * * * * *
(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
Consequently, prosecution of the present suit would seem to be barred. However, R.S. 13:4232 provides in pertinent part as follows:
A. A judgment does not bar another action by the plaintiff:
(1) When exceptional circumstances justify relief from the res judicata effect of the judgment;
According to the official comment on the statute it is designed to allow the court to balance the principle of res judicata with the interests of justice. In the present case, plaintiff alleges that he has been the victim of a horrendous injustice. His interest in proceeding with the law suit outweighs any interest in the strict application of res judicata, especially considering that *407 his predicament is the result of his attorney's conduct and not his own.
Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.
BYRNES, J., concurs with reasons.
KLEES, J., dissents.
BYRNES, Judge, concurs with reasons.
I agree with Judge Schott. I wish to emphasize that this case was not removed to federal court at the instigation of the respondent. It appears that respondent always intended to pursue his claim only in state court, never pushed his claim in federal court, and made every effort to return to state court. Although the federal court judgment was legally equivalent to an adjudication on the merits, the merits of respondent's claim have never been heard.
There needs to be an end to litigation. R.S. 13:4232(1) should be reserved for truly exceptional circumstances and applied sparingly. However, there is something disturbing about using an unusual combination of arcane procedural technicalities to allow the justice system to prevent the respondent from redressing what may have been an outrageous injury inflicted upon him by that very system of justice. The rigid application of res judicata to these facts seems more like some legalistic nightmare from Charles Dickens' Bleak House or Franz Kafka's "Vor Dem Gesetz" than the American justice system. This is one of those exceedingly rare instances that cries out for the application of R.S. 13:4232(1). I fear that to do otherwise would be to cast our justice system in a poor light and supply munitions to the literary armory of some contemporary Dickens or Kafka.
KLEES, Judge, dissents.
I would deny the application.
There are no exceptional circumstances in this application to justify relief from the res judicata effect of the Federal Court judgment. More compelling is LSA R.S. 13:4232(2), which does not bar another action by plaintiff "when the judgment dismissed the first action without prejudice". In this case the Federal Court action was dismissed with prejudice. By filing the original suit based on 42 U.S.C.A. 1983, relator knew that this matter could be removed to Federal Court. He cannot now say that he is the victim of injustice. The trial court was correct in its ruling.