BOWES, Judge.
This matter arises from an expropriation suit. This appeal brings this litigation before this Court for the second time.
On July 7, 1983, the State of Louisiana, Department of Transportation & Development (hereinafter “the State”) filed expropriation proceedings pursuant to LSA-R.S. 48:441-18:460 against S.J. McClendon, Lucille Darcy McClendon, Louis A. Lanaux and Linda Allen Lanaux (hereinafter “the McClendons”). In that suit, the State sought to obtain title to property owned by the *730 McClendons for public use. In conjunction with the petition, the State deposited $226,-367.00 into the registry of the court. The defendants (plaintiffs in the present suit) answered the petition and requested additional damages. After trial by jury on October 26-27, 1988, judgment was rendered in favor of defendants awarding $250,000.00 in compensation and $55,000.00 in severance damages. The trial court also awarded interest on the excess amount due from the date of taking, July 6, 1983, and not the date of judicial demand, February 20, 1985.
Both parties appealed the judgment. In the appeal, the McClendons sought additional damages. The State sought review of that portion of the judgment which awarded legal interest from the date of the taking. The State contended that the judgment should only have awarded interest from the date that the McClendons’ answer was filed seeking additional compensation, as set forth in the 1988 amendment to the expropriation interest statute, LSA-R.S. 48:455.[1]
On appeal, this Court ruled that LSA-R.S. 48:455 was to be applied retroactively, and therefore, interest was due only from the date of demand. The trial court judgment was amended in accordance with this ruling. The McClendons filed an application for supervisory writ of review with the Louisiana Supreme Court; it was denied and the judgment of this Court became final. See State, DOTD v. McClendon, 552 So.2d 1220 (La. App. 5 Cir.1989), unit denied, 556 So.2d 38 (La.1990).
Shortly thereafter, this Court, sitting en banc, specifically overruled McClendon in State, DOTD v. Stein, 570 So.2d 513 (La.App. 5 Cir.1990) and held that the 1988 amendment to LSA-R.S. 14:455 was not to be given retroactive effect.
One month later, in State through DOTD v. Estate of Davis, 572 So.2d 39 (La.1990), the Louisiana Supreme Court held that the amendment to LSA-R.S. 48-455 could not be applied retroactively, and in cases instituted prior to its effective date, interest was due from the date of taking.
On April 30,1992, the McClendons instituted the present suit, requesting that they be awarded the interest on the excess compensation in the expropriation suit from the date of taking to the date of their pleadings requesting additional compensation, as had been proved by the trial court in the expropriation suit. The State filed a peremptory exception of res judicata alleging that the matter had been litigated in' the expropriation suit. The trial court denied this exception of res judicata; the State sought a writ of review which was refused by this Court and the matter proceeded to trial on the merits.
The trial court rendered judgment awarding the McClendons the interest from the date of taking to the date of their pleadings requesting additional compensation, as had been originally awarded in the expropriation suit by the trial court and reversed by this Court. The State now appeals from that judgment.

ANALYSIS

The provisions defining res judicata are set forth in LSA-R.S. 13:4231.[2] Pursu *731 ant to that statute, a valid and final judgment is conclusive between that same parties in any subsequent action with respect to any issue which arises out of the occurrence which was the subject matter of the prior litigation. Under Louisiana law, “[t]he theory behind the doctrine of res judicata is that matters actually litigated and finally adjudged are presumed correct and thus, should not be contradicted in a subsequent suit.” Cuccia v. Jefferson Parish School Bd., 613 So.2d 1141, 1142 (La.App. 5 Cir.1993); Lowe v. Prejean, 540 So.2d 436, 437 (La.App. 1 Cir.1989) (citations omitted, emphasis added).
In this case, the plaintiffs are seeking to relitigate the issue of when interest began to run. A reading of the first McClendon suit reflects that this issue has been clearly litigated, and accordingly, the doctrine of res judicata would ordinarily apply in this case.
Plaintiffs argue that the Louisiana Supreme Court decision in Davis, which effectively overruled the first McClendon decision allows relitigation of this issue. However, res judicata operates to bar subsequent litigation even though the original decision was incorrect, or rested on a legal principal subsequently overruled in another case, or was based on an erroneous interpretation of the law. See Kelty v. Brumfield, 559 So.2d 907 (La.App. 4 Cir.1990), writ denied, 565 So.2d 939 (La.1990), cert. den., 498 U.S. 1090, 111 S.Ct. 971, 112 L.Ed.2d 1057; Mai v. Mai, 419 So.2d 1251 (La.App. 3 Cir.1982), writ denied, 420 So.2d 970 (La.1982).
Nevertheless, we note that LSA-R.S. 13:4232 provides:
A. A judgment does not bar another action by the plaintiff:
(1) When exceptional circumstances justify relief from the res judicata effect of the judgment;
(2) When the judgment dismissed the first action without prejudice; or,
(3) When the judgment reserved the right of the plaintiff to bring another action.
B. In an action for divorce under Civil Code Article 102 or 103, in an action for determination of incidental matters under Civil Code Article 105, in an action for contributions to a spouse’s education or training under Civil Code Article 121, and in an action for partition of community property and settlement of claims between spouses under R.S. 9:2801, the judgment has the effect of res judicata only as to causes of action actually adjudicated. [Emphasis supplied].
After careful consideration, we are of the opinion that Section A(l) gives the court discretion, in exceptional circumstances, to refuse to apply the doctrine of res judicata in a situation in which application of the doctrine would be unfair to the claimant. We are of the opinion that such a situation exists here. The plaintiffs tried to seek review of our decision reversing the interest reward, but were denied review by the Louisiana Supreme Court. Very shortly thereafter, the Louisiana Supreme Court did grant a writ of review on the very same issue and rendered a decision which held that a retroactive application of the 1988 amendment to LSA-R.S. 48:455 operated to deprive a landowner of a substantive right, which is exactly what had happened to the McClendons, and what they had unsuccessfully fought against. In effect, as the law now stands, the McClendons were right all along and equity and fair play demands that the wrong that they are now suffering be corrected.
Accordingly, we hold that this is an extraordinary situation and an exceptional circumstance under LSA-R.S. 13:4232, supra, which mandates that the McClendons, as plaintiffs in the instant suit, be granted relief from the effects of res judicata resulting from our decision in State, DOTD v. McClendon, supra, and in accordance with this finding, we affirm the decision of the trial court. All costs are assessed against appellants.
AFFIRMED.

. At the time of filing of the expropriation suit, LSA-R.S. 48:455 provided that legal interest accrued from the date of taking. LSA-R.S. 48:455 was amended by Acts 1988, No. 882 to provide that "If the amount finally awarded for compensation exceeds the amount deposited, the judgment shall include legal interest on the excess from the date of legal demand until paid[.]”

. Section 4231. Res Judicata.
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
(1)If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
(2) If the final judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
(3) A judgment in a favor of either plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.