WICKER, Judge,
concurring.
I concur in the result. I find the analysis in Jenkins v. State, 615 So.2d 405 (La.App. 4th Cir.1993), writ denied, 617 So.2d 932 (La.1993) applicable. The Jenkins court used the exception of “exceptional circumstances” in concluding the plaintiffs:
*732 interest in proceeding with the law suit outweighs any interest in the strict application of res judicata, especially considering that his predicament is the result of his attorney’s conduct and not his own.
Id. at 406-407.
In Jenkins the court considered the official comment to La.R.S. 13:4232 and applied a balancing test. The Jenkins court held at 406:
According to the official comment on the statute it is designed to allow the court to balance the principle of res judicata with the interests of justice.
Thus, the “exceptional circumstances” exception to res judicata provided in La.R.S. 13:4232(A)(1) should be used sparingly for “exceptional circumstances” after balancing the principle of res judicata with the interests of justice in accordance with the official comment to La.R.S. 13:4232 and Jenkins, supra.
The awarded interest was previously litigated by these identical parties. The previous award was finalized when writs were denied by the Louisiana Supreme Court following an appeal: State, DOTD v. McClendon, 552 So.2d 1220 (La.App. 5th Cir.1989), writ denied, 556 So.2d 38 (La.1990). In that same year, 1990, the Supreme Court of Louisiana, in a separate case with different parties, changed its position. State, DOTD v. Estate of Davis, 572 So.2d 39 (La.1990).
In the present case the interests of justice .outweighs a strict application of res judicata since the supreme court changed its position shortly after denying review to the parties herein.