hGORBATY, Judge.
Plaintiff Velma Long appeals a judgment of the trial court dismissing her claims, with prejudice, on the ground that her cause was abandoned pursuant to La. Code Civ. Proc. art. 561. For the following reasons, we affirm.
FACTS AND PROCEDURAL HISTORY:
Velma Long filed suit on October 6, 1995, against Performance Motorwerks, Inc., and XYZ Insurance Company. She requested service on Performance Motor-werks, but held service on the undetermined insurance company. On November 18, 1999, plaintiff filed a First Supplemental and Amended Petition, naming 3101 Tulane Avenue, L.L.C., as an additional defendant. Personal service was effected on the newly named defendant on December 22,1999. There is nothing in the court record to indicate that service was ever effected on Performance Motorwerks.
An Exception of No Cause of Action for Abandonment was filed on behalf of Performance: Motor Car Gallery, Inc., and 3101 Tulane Avenue, L.L.C., on January 6, 2000. Counsel for plaintiff responded to the Exception claiming that hej^had made numerous verbal attempts to effect service on Performance, to no avail. It was also alleged that someone in the Civil Sheriffs Office told counsel for plaintiff on December 11, 1996 that they would serve the defendant. Counsel alleges that he again made a personal appearance at the Civil Sheriffs Office on May 29, 1997, and was told that defendants had not been served as of that date, and counsel again requested service. Curiously, despite plaintiff counsel’s allegation that Performance Mo-torwerks had not been served as of December 11,1996, he attached to the opposition to the Exception a copy of a Motion for Default prepared by him stating that Performance Motorwerks, Inc ., had been served on December 11,1996. The Motion for Default was date stamped by the Civil District Court on May 27,1999, however, it was not certified by the clerk of court, nor was it signed by a judge. After a February 4, 2000 hearing, the trial court granted defendants’ Exception of No Cause of Action for Abandonment. This appeal followed.
DISCUSSION:
Defendants aver that pursuant to La. Code Civ. Proc. art. 561, Ms. Long’s case was abandoned for failure to take any steps in its prosecution for a period of more than three years. Ms. Long argues that verbal contacts with the Civil Sheriffs Office, and the filing of a Motion for Default were steps in the prosecution sufficient to defeat defendants’ exception.
Louisiana Code of Civil Procedure art. 561 provides in part:
|aA. (1) An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years,....
To preclude a finding that a case has been abandoned, the record must contain evidence of the alleged step in the *651 prosecution. Lewis v. City of New Orleans, 99-0795 (La.App. 4 Cir. 11/17/99), 748 So.2d 522. The record before us is void of any support for Ms. Long’s allegations that her counsel continually attempted to effect service on defendants, nor does it indicate that any action was ever taken on the Motion for Default. Moreover, it is evident from the record that no action could be taken, because the record does not indicate that Performance Motor-werks was ever served. Accordingly, because the Motion for Default could not be rendered, we do not consider the filing of the motion to be a step in the prosecution. Ms. Long’s lawsuit was abandoned after October 6,1998.
Accordingly, we affirm the judgment of the trial court.
AFFIRMED.