BONIN, J.,
dissents with reasons.
hi respectfully dissent and would, pursuant to La. C.C.P. art. 2164, remand the matter to the trial court in order for the trial judge to consider whether “exceptional circumstances justify relief from the res judicata effect” of the judgment which dismissed with prejudice Quick Recovery’s third-party demand against Stolt. See LA. R.S. 13:4232 A(l). See Jenkins v. State, 615 So.2d 405, 406 (La.App. 4th Cir.1993) (noting that statute “is designed to allow the court to balance the principle of res judicata with the interests of justice”); see also McClendon v. State, Dept. of Transp. and Development, 626 So.2d 729, 731-732 (La.App. 5 Cir.1993), (Wicker, J., concurring).
A
Quick Recovery failed to plead the “exceptional circumstances” in the trial court and did not argue them to the trial judge. Because Quick Recovery has first |?argued “exceptional circumstances” as a basis for relief from the effect of res judicata in this court, we ordinarily would not consider the issue. As a general matter “appellate courts will not consider issues raised for *1120 the first time, which are not pleaded in the court below and which the District Court has not addressed.” Council of the City of New Orleans v. Washington, 09-1067, p. 3 (La.5/29/09), 9 So.3d 854, 856.[1] But Quick Recovery makes a compelling argument that there are exceptional circumstances which justify relief from the res judicata effect of the judgment of the 24th Judicial District Court. And it would be just to allow Quick Recovery to urge those circumstances to the trial judge for his evaluation and ruling.[2]
B
The judgment rendered on Quick Recovery’s third-party demand, by which the demand was dismissed with prejudice, is erroneous. When Stolt filed its motion to dismiss on the grounds that Quick Recovery had abandoned its third-party demand, the proper relief was dismissal without prejudice. See Tasch, Inc. v. Horizon Group, 08-0635, p. 4 (La.App. 4 Cir. 1/7/09), 3 So.3d 562, 565 (“However, dismissals under La. C.C.P. art. 561 are to be without prejudice. DeSalvo v. Waguespack, 187 So.2d 489 (La.App. 4 Cir.1966). Therefore, the trial court’s judgment of dismissal is hereby amended to read without prejudice.”)[3]
We ought to straightforwardly acknowledge the correctness of Quick Recovery’s point that the judgment on the grounds of abandonment which dismissed with prejudice its third-party demand was wrong; the dismissal should have been without prejudice. And, of course, had it been without prejudice, we |3would not even be concerned with res judicata in this case. See LA. C.C.P. ART. 1673 (“A judgment of dismissal with prejudice shall not have the effect of a final judgment of absolute dismissal after trial. A judgment of dismissal without prejudice shall not constitute a bar to another suit on the same cause of action”). See also Charbonnet v. State Realty Co., 155 La. 1044, 1049, 99 So. 865, 867 (1924) (observing that “a judgment dismissing a suit for having been discontinued or abandoned could not be the basis for a plea of res adjudicata”). The legal consequence of a plaintiffs abandonment for non-action of a lawsuit is that its dismissal “merely bars his right to continue with the prosecution of that suit. It does not prevent his bringing another suit for the same cause of action.” Losch v. Greco, 173 La. 223, 228, 136 So. 572, 573 (1931); see also City of New Orleans v. Westwego Canal & Terminal Co., 206 La. 450, 453, 19 So.2d 201, 202 (1944).
C
Claims for relief from the res judicata effect of a judgment are decided on a case-by-case basis. See Spear v. Prudential Property and Cas. Ins. Co., 98-1663 (La. App. 4 Cir. 1/13/99), 727 So.2d 640, 643. Based upon the record facts, in my view it would be worthwhile for the trial judge to *1121 evaluate the progress of the Plaquemines Parish lawsuit during the period from the dismissal of Hibernia Bank’s principal demand in Jefferson Parish (March 8, 2004) through the dismissal of Quick Recovery’s third-party demand (December 11, 2007). During that time period, in this action pending in Plaquemines, Stolt filed its re-conventional demand against Quick Recovery, a status conference was scheduled at Quick Recovery’s request, and a trial order issued scheduling the trial date for June 24, 2008, and providing for pretrial discovery and pleading cut-off dates. Thus, one can clearly observe that although no action was being taken by Quick Recovery in Jefferson l4Parish, it was actively pursuing its cause of action against Stolt in Plaque-mines Parish.
Moreover, it would be worthwhile for the trial judge to evaluate the ongoing prosecution of the Plaquemines Parish action after the dismissal on the grounds of abandonment. Stolt filed in the Plaque-mines suit a motion to compel discovery and a motion to continue the trial in 2008. In 2010 Quick Recovery filed a 1442 Notice of Deposition for Stolt in response to which Stolt sought a protective order. Later in the year a new trial date was assigned, and Stolt filed its motion for summary judgment based upon res judicata. Clearly, Quick Recovery had not abandoned its cause of action in the Plaquemines litigation and was intending to pursue its claim in this litigation. See Jenkins, supra, 615 So.2d at 407 (Byrnes, J., concurring).
Tellingly, in my view, both parties were actively prosecuting their claims in Plaque-mines for the three years before the erroneous dismissal with prejudice and for the three years following the erroneous dismissal.
D
La. R.S. 13:4232 “is designed to protect those drawn into error by an awkward factual or legal scenario, not those who can allude to no circumstance to justify their inaction below.” Spear, supra, 727 So.2d at 643. We granted relief from the effect of res judicata in a case where the federal court dismissed with prejudice for failure to prosecute the action under Rule 41(b) of the Federal Rules of Civil Procedure, which authorized such action, and the dismissed plaintiff had not appealed such dismissal. Jenkins, supra, 615 So.2d at 406. In concurring, Judge Byrnes importantly observed that “the merits of respondent’s claim have never been heard.” Id., 615 So.2d at 407 (Byrnes, J., concurring).
Again, in a situation which we described as “a close one,” then-Judge Armstrong wrote that “we are convinced that this close issue should be resolved Ragainst application of res judicata. ” Mavromatis v. Lou-Mar, Inc., 632 So.2d 828, 831 (La. App. 4 Cir.1994). After discussing the considerations for applying res judicata to defeat a claim, she importantly noted that the possible harms to lessening of judicial efficiency and increasing the burdens of litigation on a party, while not “trivial matters,” “are preferable to possible loss of the plaintiffs substantive rights without their merits ever having been addressed if res judicata were to be applied, when, perhaps, it should not be.” Id. at 832 (emphasis added).
Thus, it may well be that the failure of Quick Recovery to appeal the Jefferson Parish judgment of dismissal with prejudice had the technical result of a final judgment’s acquiring the authority of the thing adjudged, i.e. res judicata. See Tolis v. Bd. of Supervisors of Louisiana State University, 95-1529 (La.10/16/95), 660 So.2d 1206; Colins v. Magnolia Marketing Co., 01-1234 (La.App. 4 Cir. 5/8/02), 817 *1122 So.2d 1214. And the fact that the prior adjudication by Jefferson Parish judgment was in error would not prevent the application of the effect of res judicata. See Kelty v. Brumfield, 559 So.2d 907, 909 (La.App. 4 Cir.1990).
But the reality that the merits of an action have not actually been adjudicated may justify relief from such effects, and other circuits have so held. See, e.g., McGregor v. Hospice Care of Louisiana in Baton Rouge, L.L.C., 09-1357 (La.App. 1 Cir. 2/12/10), 36 So.3d 272 (judicially sanctioned severance of medical malpractice claim is not barred by res judicata due to adjudicated contract claim); Ebey v. Harvill, 26,373, p. 3 (La.App. 2 Cir. 12/7/94), 647 So.2d 461, 464 (“The concept of res judicata should be rejected when doubts exist as to whether a plaintiffs substantive rights actually have been previously addressed and finally resolved.”); Brouillard v. Aetna Cas. & Sur. Co., 94-1559, p. 3 (La.App. 3 Cir. 5/10/95), 657 So.2d 231, 233 (“this issue clearly has not been actually litigated”); and McClendon, supra, 626 So.2d at 731 (subsequent change in law to plaintiffs detriment justified not applying the effect of res judicata).
IfiE
It may well be that the trial judge would decide that there are no exceptional circumstances justifying relief from the effect of res judicata. See, e.g., Centanni v. Ford Motor Co., 636 So.2d 1153 (La.App. 3 Cir. 5/4/94); Classen v. Hofmann, 06-560 (La. App. 5 Cir. 11/28/06), 947 So.2d 76. But I think that the plaintiff ought to be able to try to demonstrate the exceptional circumstances because the merits of his claim for $400,000 in damages against Stolt have never been adjudicated, and the basis for the so-called adjudication, i.e., the dismissal of its third-party demand for abandonment, occurred while both Stolt and the plaintiff were actively and actually pursuing the same claims in Plaquemines Parish in this suit.
Accordingly, I respectfully dissent.

. See also Gulf Coast Bank and Trust Co. v. Elmore, 10-1237, p. 5, n. 6 (La.App. 4 Cirr 1/26/11), 57 So.3d 553, 558 n. 6. The same rule does not apply to the party which prevailed in the lower court and does not seek modification, revision, or reversal of the lower court judgment. See La. C.C.P. art. 2133 B; see also Succession of Faget, 10-0188, p. 5 (La.11/30/10), 53 So.3d 414, 418.

. See Keaty v. Raspanti, 00-0221, p. 7 (La. App. 4 Cir. 2/7/01), 781 So.2d 607, 611, where we refused to be bound by our earlier ruling "where palpable error or where manifest injustice would occur” and remanded the case for further evidentiary determinations.

.The majority refers to our holding in Long v. Performance Motorwerks, Inc., 00-0861 (La. App. 4 Cir. 3/7/01), 782 So.2d 649, which did affirm an Article 561 dismissal with prejudice. But we did not examine the propriety of the relief (with or without prejudice) and decided the case on the substantive issue presented.