ROLAND L. BELSOME, Judge.
11 This is a personal injury action arising out of injuries sustained as a result of alleged negligent supervision. The sole issue is whether this action was properly dismissed as abandoned pursuant to La. C.C.P. art. 561. For the following reasons, we affirm.

PROCEDURAL HISTORY

The plaintiffs, Samuel and Beatrice Ew-eni, filed a petition in St. Bernard Parish for damages, individually and on behalf of their minor child, Chibueze, on November 28, 2005. The petition alleged that Chi-bueze sustained injuries as the result of the negligent supervision of the defendant, Skate World, Inc. The plaintiffs requested service through its manager and also through its agent for process of service. The St. Bernard Parish Sheriffs returns on the citations were filed into the record on December 8, 2005. Both returns reflect that the Sheriff was “UÑABALE TO SERVE DUE TO HURRICANE KATRINA.”
Next, the record reveals that on August 2, 2011, plaintiffs filed a motion to appoint a private process server. This motion was denied. The August 8, 2011 order denying the motion instructed plaintiffs to request service via the Sheriff prior to requesting appointment of a private process server.
|aOn November 3, 2011, defendant filed a motion to dismiss on grounds of abandonment pursuant to La. C.C.P. art. 561. The trial court granted the motion to dismiss on November 9, 2011. The plaintiffs timely filed a motion to vacate the order granting the motion to dismiss. On January 23, 2012, the trial court denied the motion. This timely devolutive appeal follows.

*864
STANDARD OF REVIEW

Whether an action has been abandoned is a question of law. Olavarrieta v. St. Pierre, 2004-1566, p. 3 (La.App. 4 Cir. 5/11/05), 902 So.2d 566, 568. This Court has held that with regard to abandonment actions pursuant to La. C.C.P. art. 561, the standard of review of the appellate court is simply to establish whether the lower court’s interpretive decision is correct. Escoffier v. City of New Orleans, 2006-1005, p. 2 (La.App. 4 Cir. 4/11/07), 957 So.2d 216, 218.

DISCUSSION

Plaintiffs, in their sole assignment of error, contend that the trial court improperly denied their motion to vacate the judgment dismissing their lawsuit. Plaintiffs assert that they made steps toward the prosecution of the case within the necessary time limits, thus the action was not abandoned. Plaintiffs also assert that they should benefit from an extended abandonment period.
The procedure governing abandonment is set forth in La. C.C.P. art. 561. An action is considered abandoned when the parties fail to take any step in the prosecution or defense of the matter in the trial court for a period of three years. La. C.C.P. art. 561(A)(1). While no formal order is required, a party may file an ex parte motion to obtain an order of abandonment. La. C.C.P. art. 561(A)(3).
In order to avoid abandonment, La. C.C.P. art. 561 imposes three requirements on plaintiffs:
laFirst, plaintiffs must take some step towards prosecution of their lawsuit ... Second, the step must be taken in the proceeding and, with the exception of formal discovery, must appear in the record of the suit. Third, the step must be taken within the legislatively prescribed time period of the last step taken by either party; sufficient action by either plaintiff or defendant will be deemed a step.
Olavarrieta v. St. Pierre, 2004-1566, p. 4 (La.App. 4 Cir. 5/11/05), 902 So.2d 566, 569. Generally, to preclude a finding that a case has been abandoned, the record must contain evidence of the alleged step in the prosecution. Long v. Performance Motorwerks, Inc., 2000-0861, p. 3 (La.App. 4 Cir. 3/7/01), 782 So.2d 649, 650-51, citing Lewis v. City of New Orleans, 99-0795 (La.App. 4 Cir. 11/17/99), 748 So.2d 522, 523.
Plaintiffs claim that they were continuously engaged in an effort to locate and serve defendant, and those actions constitute a step in the prosecution of the case. In particular, plaintiffs aver that they reissued requests for service on August 27, 2009 and January 5, 2010. However, there is nothing in the record to show any steps in the proceeding were taken between November 28, 2005 and August 2, 2011. While requests to reissue service would be considered a step towards the prosecution of their lawsuit, plaintiffs’ requests do not appear in the record of the suit. Thus, those actions do not constitute steps in the prosecution of a lawsuit that would defeat a claim of abandonment. Lewis, supra. See also Long, supra.[1]
Plaintiffs note that the Sheriff was unable to serve defendant due to Hurricane Katrina. Plaintiffs also note that because of the devastating effects of LHurricanes Katrina and Rita, the time period provided in La. C.C.P. art. 561 was *865 extended from three years to five years. The plaintiffs contend that these provisions apply to their case. We find that they do not.
La. C.C.P. art. 561(A)(2) extended the abandonment period from three years to five years. However, the extended period was limited to those actions commenced before August 26, 2005, if not already abandoned.[2] Id. The instant action was filed on November 28, 2005, after the August 26, 2005 date. Thus, the extended abandonment period does not apply. Nevertheless, more than five years has elapsed between the request for service on December 8, 2005, and the next step in the proceeding, which took place on August 2, 2011, when plaintiffs made a motion to appoint a private process server. Therefore, we find the trial court’s decision granting the motion to dismiss on grounds of abandonment was correct. Likewise, the trial court’s decision denying the motion to vacate the order granting the motion to dismiss was correct.

CONCLUSION

Accordingly, the trial court judgment denying the motion to vacate the order of dismissal is affirmed.
AFFIRMED.

. Unlike in Lewis, supra, and Long, supra, the plaintiffs in the instant case filed an affidavit on January 13, 2012, whereby they attached, as exhibits, copies of letters that indicated service was requested on August 27, 2009 and January 5, 2010. However, these letters were filed into the record after the lawsuit had already been abandoned. Because there is *865 nothing in the record to show that these letters were filed during the relevant time period, they cannot retroactively serve as proof that a step was taken toward the prosecution of the case within the time limits set forth by the legislature.

. La. C.C.P. art. 561(A)(2) provided:
If a party whose action is declared or claimed to be abandoned proves that the failure to take a step in the prosecution or defense in the trial court or the failure to take a step in the prosecution or defense in the trial court or the failure to take any step in the prosecution or disposition of an appeal was caused by or was a direct result of Hurricane Katrina or Rita, an action originally initiated by the filing of a pleading prior to August 26, 2005, which has not previously been abandoned in accordance with the provisions of Subparagraph (1) of this Paragraph, is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of five years.
This provision was terminated effective August 26, 2010.