| tCHARLES R. JONES, Judge.
PlaintiffiAppellant, Kenneth O’Brien, appeals the judgment of the district court dismissing his claim for false arrest against Defendant/Appellees, Antionette Norman, Antoine Alciatore, United Fire and Casualty Company, Officer Paul Toye and the City of New Orleans. We affirm the judgment of the district court.

Facts and Procedural History

Mr. O’Brien alleged that he was falsely arrested and detained by the New Orleans Police Department on June 17, 1991. On said day he was calling his dog from Ms. Norman’s yard next door. However, Ms. Norman felt that Mr. O’Brien was abusing the dog and commented to Mr. O’Brien about the way he was treating the dog. Mr. O’Brien, who was cleaning his gun, proceeded to threaten Ms. Norman. Ms. Norman had been threatened by the Appellants statements since she had previously seen him cleaning his guns in the yard. As a result, Ms. Norman said that she was going to call the police and she did. Upon police arrival, they spoke to Ms. Johnson and some other neighbors, as well as to Mr. O’Brien. Based on this cursory investigation, the police officer arrested Mr. O’Brien in violation of La. R.S. 14:38, simple assault; La. R.S. 14:66, extortion; and La. R.S. 14:1402, cruelty to animals. Although arrested, Mr. O’Brien was not prosecuted for these | ¡.charges. He filed a petition for damages pro se against several defendants alleging several causes of action. Prior to trial, several of the defendants were dismissed. The remaining defendants were Ms. Norman, Mr. Alciatore, United Fire and Casualty Company as insurer of Mr. Alciatore, Officer Toye, and the City of New Orleans. Trial was held on June 16,1999. A Motion in Limine was granted on behalf of the defendants limiting Mr. O’Brien’s witness list. Following Mr. O’Brien’s testimony, the district court dismissed all of the claims and causes of action against all of the defendants with prejudice. It is from this judgment Mr. O’Brien appeals.

*66
Argument

Mr. O’Brien raises several issues on appeal, however, there are but two issues that we will address. The first issue is whether the district court erred in granting the Motion in Limine on the day of the trial.
Mr. O’Brien argues that the district court improperly granted the Motion in Limine that limited Mr. O’Brien’s witness list and stipulation to the authenticity of veterinarian and SPCA records. Mr. O’Brien states that he did not have knowledge of the Motion in Limine and that he did not have an opportunity to review or obtain the actual veterinarian or SPCA records before said records were accepted by the court.
Ms. Norman responded by arguing that the Motion in Limine was properly granted because at trial the motion only addressed three witnesses that Mr. O’Brien wanted to call to testify. Ms. Norman argues that Judge McKay’s anticipated testimony to the receipt of anonymous phone calls would be hearsay and would be prejudicial because the source of the alleged statements could not be identified and hailed into court for cross-examination. Further, Ms. Norman argues that if the ^source of the statement had been identifiable then Mr. O’Brien was the blame for failure to serve the witness timely. Ms. Norman offers the same reasons with regard to Mr. Alexander’s expected testimony regarding anonymous phone calls to the SPCA. Additionally, Ms. Norman argues that the expected testimony by the Assistant District Attorney regarding his decision not to prosecute does not reflect that the arrest was false.
Mr. Aleiatore and United Fire and Casualty Company responds to Mr. O’Brien’s arguments by suggesting that both parties agreed to stipulate to what the witnesses would testify. They stipulated that Judge McKay had no independent knowledge or recollection of the facts surrounding Mr. O’Brien’s complaints of false arrest; that Mr. Alexander would testify that there were no complaints of abuse to his dog with the SPCA; and that the dog’s veterinarian would testify or produce records indicating no abuse to Appellant’s dog.
In any civil action in a district court the court may in its discretion direct the attorneys for the parties to appear before it for conferences to consider any of the following:.... (4) Proof, stipulations regarding the authenticity of documents, and advance rulings from the court on the admissibility of evidence. (8) Such other matters as may aid in the disposition of the action. LA C.C.P. art. 1551
Modification of a pretrial order is solely within the discretion of the trier of fact, and absent abuse of that discretion, the decision made by the trier of fact will be upheld. Zanca v. Exhibition Contractors Company, 614 So.2d 325, 329 (La.App. 4 Cir. 02/11/93). In this instance, the dis trict court took much care in assisting this pro se litigant with contacting witnesses and obtaining documentation on the day of the trial. Since Mr. O’Brien was unsuccessful, the parties stipulated to the testimony of the witnesses, as well as the information to be obtained in the 1¿documentation he wanted to present. Allowing the parties to make such an agreement is clearly within the purview and discretion of the district court. Therefore, the district court was not in error for granting the Motion in Limine. There is no merit to this argument.
The second issue to be considered is whether the district court erred in dismissing Mr. O’Brien’s petition with prejudice.
Mr. O’Brien argues that the district court should not have allowed testimony regarding his drinking habits, ownership of firearms, use of prescription drugs, nor allowed the defendants to use *67 words such as “defamation” and “libel” when those words were removed from his petition. Mr. O’Brien further argues that the statements regarding the pro se status and the preparedness of defense counsel made by the district court judge were improper and derogatory. Based on these alleged errors and his belief that he proved his case by a preponderance of the evidence, Mr. O’Brien asserts that he is entitled to a new trial.
Ms. Norman argues that the testimony regarding Mr. O’Brien’s drinking habits, ownership of firearms, and use of prescription medications was evidence properly submitted at trial without objection by Mr. O’Brien. She also contends that the use of words like “defamatory”, “defamation”, “libel”, and “libelous” are appropriate terms to be used in a cause of action for slander. Further, Ms. Norman argues that Mr. O’Brien failed to satisfy the elements of the causes of action he raised. She further contends that the district court gave Mr. O’Brien considerable deference with respect to his pro se status. The district court went as far as allowing Mr. O’Brien the opportunity to attempt to prove his case when in light of the lack of evidence, Ms. Norman argues, that exceptions of no cause of action |Bwould have been more appropriate rather than dismissal after a full trial on the merits. Therefore, she argues that there is no appealable issue.
United Fire and Casualty Company and Mr. Alciatore argue that Mr. O’Brien’s testimony and argument admits that his arrest occurred prior to Mr. Alciatore speaking to the police, and that Mr. O’Brien failed to prove his case at trial. Further, they contend that the district court’s evidentiary rulings were correct and should not be disturbed because the evidence was irrelevant and inadmissible. Also, they argue that Mr. O’Brien did not timely request a new trial and that there are no grounds for a new trial to be issued.
A party, at the time the ruling or order of the court is made, must make known to the court the action which he desires the court to take or his objection to the action of the court and his grounds thereof. See La. C.C.P. art. 1635. For error to be found in an evidentiary ruling admitting evidence, a timely objection or motion to admonish the jury to limit or disregard must appear in the record stating the specific grounds. La. C.E. art. 103(A)(1). In the instant case, Mr. O’Brien is referring to his own testimony on cross-examination in which he answered opposing counsels’ questions regarding his drinking habits, ownership of arms, and use of prescription drugs without objection. Further, we do not find any legal basis for precluding the defendants from using terminology like “defamation” and “libel” that is typical language usage in response to such causes of action as slander. Therefore, Mr. O’Brien cannot raise this issue on appeal.
Additionally, Mr. O’Brien argues that the district court was unfair to him based on comments made during the trial. Generally, a trial judge is presumed to be impartial; thus a party contending that a judge did not act impartially is required to present some factual basis to support his claim and may not rely on conclusory 1 ^allegations. Jackson v. CSX Transportation, Inc., 97-0109, p. 5 (La.App. 4 Cir.12/23/97), 712 So.2d 514, 518, citing, Pierce v. Charity Hospital of Louisiana, 550 So.2d 211, 213 (La.App. 4 Cir.1989), writ denied, 551 So.2d 1341 (La.1989). Review of the record reveals that the context of the district court judge’s comments was to ensure that Mr. O’Brien understood the risks involved with self-representation. There was no negative or malicious intent found in these statements. To the contrary, it appears the court went out of its way to accommodate his pro se litigant. We do not find the comments made by the district court to be inappropriate in any way.
*68 The district court found that Mr. O’Brien failed to meet his burden of proof. The plaintiff has the burden of proving his case by a preponderance of the evidence. Miller v. Leonard, 588 So.2d 79, 81 (La.1991). “If the party bearing the burden of proof fails to satisfy his burden of proof by a preponderance of the evidence, his case fails to outweigh his adversary’s case and he necessarily loses.” Id. We also find a lack of evidence sufficient to find that Mr. O’Brien proved any element of any of the causes of action he raised. He did not prove an act or omission by the fault of the defendants caused damaged to him. La. C.C. art. 2315.
Lastly, “[t]he delay for a new trial shall be seven days.” La. C.C.P. art.1974. Mr. O’Brien is seeking a new trial on appeal. However, he did not’ timely request a new trial from the district court within the seven days after the final judgment of the district court. Therefore, this issue is not appealable due to his failure to comply with the time limitations in which to seek a new trial.
The district court chose to dismiss Mr. O’Brien’s petition with prejudice. A dismissal of this nature has the effect of a final judgment of absolute dismissal after trial and constitutes a bar to another suit on the same cause of action. See La. |7C.C.P. art. 1673. In light of the latitude afforded Mr. O’Brien the day of trial and the gross lack of evidence, the district court has not erred in dismissing the petition with prejudice.

DECREE

For the foregoing reasons, we hereby affirm the judgment of the district court.

AFFIRMED.