|, LOVE, Judge.
Mr. Bradley J. Collins appeals the judgment of the trial court, finding in favor of the defendant, Magnolia Marketing, on a Dilatory Exception of Unauthorized Use of a Summary Proceeding. For the following reasons, we affirm.

FACTS AND PROCEDURAL HISTORY

Bradley J. Collins (“Mr. Collins”) was employed as a truck driver by Magnolia Marketing Company. While in the course and scope of his employment, he was injured in a one car accident. On July 18, 1996, Mr. Collins filed suit in state court against his employer, Magnolia Marketing Company (“Magnolia”) and Ford Motor Company (“Ford”). On January 2, 1997, Magnolia filed a declinatory exception of improper venue and the case was removed to federal court on the basis of diversity. Subsequently, on February 26, 1997, Magnolia was dismissed from the action because Mr. Collins’ exclusive remedy against his employer was worker’s compensation. Thereafter, Ford was also dismissed from the action on a motion for *1215 summary judgment and the entire case was dismissed with prejudice.
| ¡¡Despite the fact that the case had been dismissed, on August 10, 1998, Mr. Collins filed a Motion and Order for Leave of Court to File an Amended and Recast Petition for Damages to add an additional allegation. Mr. Collins also filed a Second Amendment to Amended and Recast Petition for Damages, naming an additional defendant. Magnolia filed an answer and also filed exceptions of No Cause of Action and Res Judicata. Mr. Collins filed a Motion in Opposition to Magnolia’s exceptions. The trial judge presiding over the motions requested that the parties submit memoranda on the issue of prescription. Mr. Collins submitted a motion; however, Magnolia filed a Dilatory Exception of Unauthorized Use of Summary Proceeding. A hearing was held on the unauthorized use of a summary proceeding, no cause of action and res judicata on September 24, 1999. The trial judge granted Magnolia’s Exception of Unauthorized Use of a Summary Proceeding and dismissed Mr. Collins’ Amended and Recast Petition for Damages and Second Amendment to Amended and Recast Petition. However, the trial judge did not rule on the Exceptions of No Cause of Action and Res Judi-cata. It is from this judgment that Mr. Collins now appeals.

DISCUSSION

At the hearing on unauthorized use of a summary proceeding, the trial judge, referring to a previous hearing, discussed the problem presented by this case:
The initial question was, can a plaintiff amend an original petition which has been dismissed with prejudice? You’ve got a petition that’s dismissed with prejudice, you’re coming in to amend it, and I remember it and the transcript will bear it out, I even use the term, “how can you amend something that’s dead?” I mean, if it’s no [¡¡longer viable, what are you amending? Does the amendment — is it like a writ of resurrection? Does it suddenly breathe life into that petition? And, that was and has always been this Court’s problem.
At the conclusion of the hearing, the court determined that an action that has been dismissed with prejudice cannot be amended. Consequently, the trial judge found the other issues raised by both parties to be moot. We find no error in the trial judge’s determination. Louisiana Code of Civil Procedure Article 1673 provides as follows:
A judgment of dismissal with prejudice shall have the effect of final judgment of absolute dismissal after trial. A judgment of dismissal without prejudice shall not constitute a bar to another suit on the same cause of action.
[Emphasis added]. In accordance with Louisiana case law, a dismissal with prejudice has the effect of a final judgment of absolute dismissal after trial and constitutes a bar to another suit on the same cause of action. O’Brien v. Johnson, 1999-2773 (La.App. 4 Cir. 10/17/01), 800 So.2d 64, writ denied (La.02/01/02), 807 So.2d 851; Caparotti v. Shreveport Pirates Football Club, 33, 570 (La.App. 2 Cir. 8/23/00), 768 So.2d 186, writ denied, 2000-2947 (La.12/15/00), 777 So.2d 1230. Furthermore, a final judgment acquires the authority of the thing adjudged [“res judi-cata”] if no further review of the judgment is sought within the time fixed by law or if the judgment is confirmed on review. Tolis v. Bd. of Supervisors of Louisiana State University, 95-1529 (La.10/16/95), 660 So.2d 1206. The only exceptions to the doctrine of res judicata are set forth in La. R.S. 13:4232:
A judgment does not bar another action by the plaintiff:
*1216 (1) When exceptional circumstances justify relief from the res judicata effect of the judgment;
(2) When the judgment dismissed the first action without prejudice; or
14(3) When the judgment reserved the right of the plaintiff to bring another action.
Goodman v. Spillers, 28,938 (La.App. 2 Cir. 12/23/96), 686 So.2d 160, 165; Fine v. Regional Transit Authority, 95-2603 (La.App. 4 Cir. 6/26/96), 676 So.2d 1134, 1136.
Mr. Collins’ action against Magnolia and Ford was dismissed with prejudice. Therefore, pursuant to La. C.C.P. art. 1673, this action constituted a final judgment. Upon review of the record and the arguments advanced by both parties, we find no basis to exempt this lawsuit from the doctrine of res judicata. See La. R.S. 13:4232. The facts do not reveal any exceptional circumstances that would warrant not applying this principle.
Furthermore, when the action was dismissed with prejudice, the judgment did not reserve Mr. Collins’ right to bring an additional action. As such, the exceptions set forth in La. R.S. 13:4232 are unable to salvage Mr. Collins’ lawsuit.
Mr. Collins advances the argument that he is not filing a “new” lawsuit, but is instead amending the old lawsuit, which had been dismissed; thus, the principle of res judicata is inapplicable. Mr. Collins is correct in that he is not filing a second lawsuit — he is attempting to amend the original lawsuit. Nonetheless, we discuss the principle of res judicata in an effort to convey the conelusivity of lawsuits that have been dismissed with prejudice and not to insinuate that Mr. Collins’ amendment constitutes a second lawsuit arising out of the same set of circumstances as the original lawsuit. Thus, Mr. Collins’ attempt to amend his petition fails for the very reason that his lawsuit had been dismissed; therefore, there was no viable “petition” to “amend.” We decline to set the dangerous precedent of permitting a party to revive a dismissed claim through “amendment” Rsimply because he failed to bring all of his viable claims in his initial lawsuit. This practice would seriously undermine the finality and reliability of judgments that parties rely upon. Accordingly, we find no basis for Mr. Collins to have proceeded with his filing of the Amended and Recast Petition for Damages and Second Amendment to Amended and Recast Petition for Damages. For the reasons cited herein, we affirm the judgment of the trial court.

CONCLUSION

The trial court dismissed Mr. Collins’ lawsuit with prejudice. For this reason, he is unable to “amend” his original petition because his lawsuit is no longer viable. Therefore, we affirm the decision of the trial court, granting defendant’s dilatory exception of Unauthorized Use of Summary Proceeding.
AFFIRMED.