936 So.2d 851 (2006)
Darryl DEAN
v.
The CITY OF NEW ORLEANS (NOPD).
No. 2005-CA-1347.
Court of Appeal of Louisiana, Fourth Circuit.
July 12, 2006.
Darryl Dean, New Orleans, Louisiana, In Proper Person, Plaintiff/Appellant.
Thomas Louis Colletta, Jr., Wayne J. Fontana, Courtenay, Hunter & Fontana, L.L.P., New Orleans, Louisiana, for Defendant/Appellee.
(Court composed of Judge JAMES F. McKAY III, Judge DENNIS R. BAGNERIS, SR., Judge MAX N. TOBIAS, JR.).
JAMES F. McKAY III, Judge.
The plaintiff, Darryl Dean, appeals the granting of an exception of res judicata in favor of the defendant, City of New Orleans, and the dismissal of his case with prejudice. We affirm.

FACTS AND PROCEDURAL HISTORY
On April 6, 2000, Darryl Dean was injured while in the course and scope of his employment as an officer in the New Orleans Police Department. His injuries consisted of a partial rotator cuff tear and a slight contusion to his right hand.
*852 The City of New Orleans initiated workers' compensation benefits to and on behalf of Officer Dean. Officer Dean began treating with Dr. Christopher Marrero. Although conservative treatment was initially prescribed for Officer Dean, Dr. Marrero ultimately performed rotator cuff surgery when Officer Dean's symptoms did not resolve with conservative treatment. Sometime thereafter, Officer Dean was released to return to light duty work.
On October 4, 2001, Officer Dean filed a disputed claim for compensation. After the initial mediation, the City propounded written discovery and a notice of deposition to Officer Dean on February 4, 2002. Officer Dean failed to respond to the interrogatories and request for production of documents. Officer Dean also failed to appear for a deposition which he was subpoenaed to attend on June 3, 2002. On June 13, 2002, the trial court signed an order dismissing Officer Dean's disputed claim for compensation with prejudice. Officer Dean did not appeal this dismissal.
On August 9, 2004, Officer Dean filed a second disputed claim for compensation regarding the April 6, 2001 work-related accident. Officer Dean failed to attend the scheduled mediation conference and the trial court issued an order dismissing the plaintiff's suit for non-prosecution on October 27, 2004.[1]
On October 25, 2004, Officer Dean filed a third disputed claim for compensation regarding the April 6, 2001 work-related accident. On March 9, 2004, Officer Dean, at the direction of the trial court filed another disputed claim for compensation. On February 4, 2005, the City filed a peremptory exception of res judicata. The trial court granted the City's exception on June 10, 2005 and dismissed Officer Dean's case with prejudice. On June 14, 2005, Officer Dean filed this appeal.

DISCUSSION
The issue before this Court is whether the trial court erred in granting the defendant's exception of res judicata.
In accordance with Louisiana case law, a dismissal with prejudice has the effect of a final judgment of absolute dismissal after trial and constitutes a bar on the same cause of action. O'Brien v. Johnson, 99-2773 (La.App. 4 Cir. 10/17/01), 800 So.2d 64. Furthermore, a final judgment acquires the authority of the thing adjudged ["res judicata"] if no further review of the judgment is sought within the time fixed by law or if the judgment is confirmed on review. Tolis v. Bd. Of Supervisors of Louisiana State University, 95-1529 (La.10/16/95), 660 So.2d 1206. In the instant case, the trial court granted the City's exception of res judicata based on the fact that Officer Dean's earlier lawsuit on the identical claim had been dismissed with prejudice and never appealed. Accordingly, we find no error in the trial court's granting of the defendant's exception of res judicata.

DECREE
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED
NOTES
[1] This dismissal was without prejudice.