PETTIGREW, J.
pOn February 24, 2003, claimant, Ollizo Richard, filed a Disputed Claim for Compensation with the Office of Workers’ Compensation in which he asserted a claim for wage benefits and medical treatment as a result of an alleged chemical exposure accident on September 25, 1996.[1] In re *149 sponse, Mr. Richard’s employer, Master Maintenance and Construction Co. (“Master Maintenance”), filed a peremptory exception raising the objection of prescription. The exception urged by Master Maintenance was granted by the workers’ compensation judge (“WCJ”) on May 5, 2004, resulting in a dismissal with prejudice. Mr. Richard did not appeal the dismissal of his suit.
Mr. Richard, appearing in proper person, thereafter, filed the instant claim for compensation with the Office of Workers’ Compensation, on August 17, 2006, wherein he again asserted a claim for wage benefits and medical treatment as a result of an alleged accident on September 25, 1996. Master Maintenance responded by fifing a peremptory exception raising the objection of res judicata. The exception urged by Master Maintenance was granted by the WCJ on March 30, 2007, once again resulting in a dismissal of Mr. Richard’s suit with prejudice. Following the dismissal of his suit, Mr. Richard filed the instant appeal.
On appeal, Mr. Richard argues that the defense of res judicata is predicated on a judgment that was rendered and signed in October 1999; and that the 1999 judgment was obtained by fraud and deceit.[2] In response, Master Maintenance asserts that the WCJ did not err in concluding that the court’s prior dismissal with prejudice, of the claim for compensation filed by Mr. Richard in 2003, precluded the fifing of a second claim for compensation by Mr. Richard in 2006, against the same party based on the identical cause of action. Master Maintenance further cites Dean v. The City of New Orleans, 05-1347 (La.App. 4 Or. 7/12/06), 936 So.2d 851 in support of its position.
Following a thorough review of the record in this matter, we find no error in the findings of the WCJ. Thus, we affirm the decision below in accordance with Uniform Rules — Courts of Appeal, Rule 2-16.2(A)(2), (4), (6), and (8), and assess all costs associated with this appeal against the claimant, Olfizo Richard.
AFFIRMED.

. Said litigation was captioned, Ollizo Richard v. Master Maintenance, Office of Workers’ Compensation District 05, Docket No. 03-01473. Mr. Richard was represented in con *149 nection with this litigation by attorney Milton Osborne.

. Mr. Richard and other injured workers evidently signed a Receipt and Release in 1999 in connection with a settlement of their claims in tort and, unwittingly, also released their rights to workers’ compensation benefits.