727 So.2d 640 (1999)
Kerry M. SPEAR
v.
PRUDENTIAL PROPERTY AND CASUALTY INSURANCE COMPANY.
No. 98-CA-1663.
Court of Appeal of Louisiana, Fourth Circuit.
January 13, 1999.
*641 Richard Trahant, Metairie, Counsel for Plaintiff.
Michael D. Sledge, Saporito & Sledge, New Orleans, Counsel for Defendant.
Court composed of Judge MIRIAM G. WALTZER, Judge JAMES F. McKAY III and Judge Pro Tempore JAMES C. GULOTTA.
WALTZER, Judge.

STATEMENT OF THE CASE
Two lawsuits arose out of an automobile collision that occurred on 22 November 1993 between Kerry M. Spear and Thong Ngoc Tran. The facts of the first case are set out in Spear v. Tran, 96-1490 (La.App. 4 Cir. 9/18/96), 682 So.2d 267, 268, writ denied, 96-3024 (La.2/7/97), 688 So.2d 500:
Defendant, Prudential Property and Casualty Insurance Company (Prudential), appeals the denial of its motion for a new trial seeking reversal of those portions of a default judgment ordering it to pay plaintiff... penalties and attorney's fees under LSA-R.S. 22:1220. We reverse.
Kerry M. Spear and Thong Ngoc Tran were involved in an automobile collision on November 22, 1993. Ms. Spear sued Tran; his insurer, State Farm Mutual Automobile Insurance Company; and Prudential, in its capacity as her uninsured/underinsured motorist carrier.
Ms. Spear settled her claim against Tran and State Farm and took a preliminary default against Prudential which she confirmed on December 15, 1995. The default judgment ordered Prudential to pay Ms. Spear its U.M. policy limits; plus a statutory penalty of $10,000, and $6,666.66 in attorney's fees for its arbitrary and capricious *642 refusal to tender policy limits; together with interest on the entire sum.
Prudential filed a motion for new trial, arguing that neither the record nor LSA-R.S. 22:1220 supports the imposition of a penalty and/or attorney's fees and the default judgment was improvidently granted as to those items.
The trial court denied Prudential's motion. Prudential appealed.
This Court held that Spear failed adequately to allege entitlement to penalties and attorney's fees. Spear contended that by introducing evidence on the penalty issue she was entitled to enlarge her pleadings pursuant to La.C.C.P. art. 1154. This Court rejected that contention, noting that the code article applied only where issues not raised by the pleadings are tried by express or implied consent of the parties. Since a defaulting plaintiff is required to put on a prima facie case, the Court recognized the presumption that the defendant's failure to appear constitutes a tacit denial and opposition to the plaintiffs claim. The Court also found that a default judgment broader than the four corners of the petition violates the defendant's due process right to notice of the nature and extent of the judgment that may be rendered against him.
Furthermore, the opinion notes that the transcript of the default hearing reveals that Spear offered no proof of damages caused by Prudential's alleged breach of its duty to settle the claim.
The Court rejected the claim for attorney's fees, holding that since neither the statute nor the insurance contract between Spear and Prudential provided for such fees they could not be recovered. Finally, the Court affirmed the judgment for the policy proceeds and reversed the judgment as to penalties and attorney's fees. The Louisiana Supreme Court denied Spear's writ application on 7 February 1997.
On 8 July 1997 Spear sued Prudential for unspecified general and special damages, penalties, attorney's fees, costs and interest. Spear contends that Prudential was in bad faith in its adjustment of her claim.
Prudential answered, specifically pleading res judicata and/or preclusion, compromise and settlement. The trial court granted the exception of res judicata by judgment of 16 March 1998. Spear appeals from that judgment. During the pendency of the appeal, the parties settled the undisputed portion of the original judgment for the policy limits plus interest. We affirm the judgment of the trial court.
ASSIGNMENT OF ERROR: The trial court erred as a matter of law in maintaining Prudential's exception of res judicata.
The doctrine of res judicata is stricti juris; any doubt concerning application of this principle must be resolved against its application. Res judicata cannot be invoked unless all its essential elements are present and each necessary element has been established beyond all question. Kelty v. Brumfield, 93-1142 p. 8 (La.2/25/94), 633 So.2d 1210, 1215. Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
* * * * * *
(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment. LSA-R.S. 13:4231.
A judgment does not bar another action by the plaintiff when, inter alia, exceptional circumstances justify relief from the res judicata effect of the judgment. LSA-R.S. 13:4232. This provision gives the court discretion to grant relief from the judgment for exceptional circumstances. This discretion is necessary to allow the court to balance the principle of res judicata with the interests of justice. This discretion must be *643 exercised on a case by case basis and such relief should be granted only in truly exceptional cases, otherwise the purpose of res judicata would be defeated. It is not intended to apply in the case where the plaintiff has simply failed to assert a right or claim for damages through oversight or lack of proper preparation. Official Comment to Acts 1990, No. 521, LSA-R.S. 13:4232. It is designed to protect those drawn into error by an awkward factual or legal scenario, not those who can allude to no circumstance to justify their inaction below. Centanni v. Ford Motor Co., 93-1133 (La.App. 3 Cir. 5/4/94), 636 So.2d 1153, writ denied, 94-1949 (La.10/28/94), 644 So.2d 656. Lack of legal representation is legally insufficient to constitute such exceptional circumstances. Dronet v. Dronet, 96-982 (La.App. 5 Cir. 4/9/97), 694 So.2d 426, writ not considered 97-1263 (La.9/5/97), 699 So.2d 82.
In Brouillard v. Aetna Cas. & Sur. Co., 94-1559 (La.App. 3 Cir. 5/10/95), 657 So.2d 231 plaintiff sued to recover for personal injuries allegedly sustained on premises insured by defendant. After trial, judgment was rendered in favor of defendants. Plaintiff had tried to raise the issue of penalties and attorney's fees during the course of the trial, but defendant successfully objected on the grounds that this relief had not been sufficiently pled. The trial judge denied plaintiff's request without looking at the evidence. In a second suit for benefits under the medical payments portion of the policy and for penalties and attorney's fees for the insurer's alleged arbitrary and capricious refusal to pay medical benefits, defendants filed an exception of res judicata. The court of appeal reversed the trial court's judgment maintaining the exception. Because of the trial court's refusal to consider evidence supporting the claim for penalties and attorney's fees, the court of appeal held that that issue had not been actually litigated. Therefore, under LSA-R.S. 13:4231(3), res judicata was not available. The court also found that the previous judgment determined the issues of liability and damages. The penalties/attorney's fee issue was only collaterally related to those in the prior suit because the second action was based on the insurer's alleged failure to honor its contractual obligations. Plaintiff alleged that she received a copy of the policy only on the eve of trial, despite many requests, and was unaware that the policy contained a medical payments provision, the source of the obligation she sought to enforce in the second suit. The court concluded that it would be inequitable to allow defendant to delay in providing the policy in question so that the plaintiff is unaware of the existence of a medical payments provision, object to an expansion of the pleadings based on the new information at trial, and then plead res judicata to a subsequent suit. The court believed that the case presented convoluted factual circumstances created by the insurer that justified imposition of the exceptional circumstance exception to res judicata.
These equitable considerations are absent in the instant case. Prudential did not prevent Spear from learning of her claim for penalties and attorney's fees. Prudential, as a defaulted defendant, made no appearance and objected to no evidence. It did not in any way prevent Spear from amending her petition to state a claim for damages arising from Prudential's alleged bad faith or from offering proof as to bad faith and damages arising therefrom. We therefore find no basis for plaintiffs reliance on the exceptional circumstances exception. There was no impediment to Spear's amending her petition to add claims for damages, penalties and attorney's fees. Indeed, she presented evidence on those issues to the trial court. Our prior opinion makes clear that Spear was not entitled to penalties and attorney's fees, under any theory she presented. The matter having been litigated to a conclusion with the Louisiana Supreme Court's refusal to grant certiorari, it is res judicata as between Spear and Prudential. The assignment of error is without merit.

CONCLUSION AND DECREE
For the foregoing reasons, the judgment of the trial court is affirmed. Costs on appeal are assessed against the appellant.
AFFIRMED.