996 So.2d 511 (2008)
Darlene LOZIER
v.
ESTATE OF William Jay ELMER.
No. 08-CA-225.
Court of Appeal of Louisiana, Fifth Circuit.
September 30, 2008.
Boolus J. Boohaker, Attorney at Law, Baton Rouge, LA, for Plaintiff/Appellant.
Franz L. Zibilich, Attorney at Law, Metairie, LA, for Defendant/Appellee.
John B. Krentel, Attorney at Law, New Orleans, LA, for Defendant/Appellee.
Panel composed of Judges SUSAN M. CHEHARDY, CLARENCE E. McMANUS, and WALTER J. ROTHSCHILD.
WALTER J. ROTHSCHILD, Judge.
Plaintiff, Darlene Lozier, appeals the July 25, 2007 judgment of the trial court granting the exception of res judicata filed by defendant, the Estate of William Jay Elmer ("the Estate"). For the reasons which follow, we reverse the trial court's judgment and remand the case for further proceedings.

FACTS AND PROCEDURAL HISTORY
On October 26, 2001, plaintiff filed a "Petition to Recover Damages for Breach of Contract Against the Estate of William Jay Elmer and to Recover Payment of Wages Owed by the Estate of William Jay Elmer." In her petition, plaintiff asserts that William Elmer was her employer from September 1989 until his death on June 17, 2001. She claims that during her employment with Mr. Elmer, she normally worked 104 hours per week and received *512 $5.00 per hour. She alleges that although the federal minimum wage rate increased to $5.15 per hour on September 1, 1997, she continued to receive $5.00 per hour, and she never received compensation for her overtime hours at one and one-half times the regular rate, as required by law. Further, Ms. Lozier contends that Mr. Elmer promised her that if she continued to work for him and act as his partner to develop his commercial property, known as Elmer's Island, he would take care of her for the rest of her life by providing a house, car, and living expenses. In her petition, Ms. Lozier seeks a judgment against the Estate of William Elmer ("the Estate") for compensation for nonpayment of wages at the accepted federal minimum wage for regular and overtime work, and a judgment for a house, car, and living expenses for the rest of her life, as well as any other reasonable damages.
On December 10, 2001, the Estate filed an Answer and Reconventional Demand, asserting that no damages, wages, or other compensation is owed to Ms. Lozier, and seeking damages against Ms. Lozier for wrongful conversion of succession assets.
On May 1, 2007, the Estate filed "Peremptory Exceptions of Res Judicata and No Cause of Action," arguing that Ms. Lozier intervened in the succession proceedings, Succession of William Jay Elmer, case number 568-711 in Division L of the 24th Judicial District Court, and that her current cause of action involves the same object as her intervention, i.e. ownership in the property of William Elmer. The Estate asserts that the present action is precluded by res judicata because it asserts a cause of action that arises from the same transaction or occurrence that was the subject matter of the succession proceedings.
On July 3, 2007, the exceptions of res judicata and no cause of action came for hearing. After hearing the arguments of counsel for plaintiff and defendant, the trial judge granted the Estate's exception of res judicata and found the exception of no cause of action to be moot. A written judgment granting the exception of res judicata was signed by the trial judge on July 25, 2007. It is from this judgment that Ms. Lozier appeals.

LAW AND DISCUSSION
On appeal, Ms. Lozier contends that the trial judge erred in granting the Estate's exception of res judicata, because the parties are not the same, the causes of action are not the same, and the cause of action in this case did not exist until the court in the succession proceeding ruled that Mr. Elmer had died intestate. The Estate responds that the exception of res judicata was correctly granted, because all of the elements necessary for a finding of res judicata are present.
Louisiana's law on res judicata is set forth in LSA-R.S. 13:4231 as follows:
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
A judgment in favor of either the plaintiff or the defendant is conclusive, *513 in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
See also Smith v. Parish of Jefferson, 04-860 (La.App. 5 Cir. 12/28/04), 889 So.2d 1284, 1286-1287.
A reading of La. R.S. 13:4231 reveals that a second action is precluded when all of the following are satisfied: (1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation. Burguieres v. Pollingue, 02-1385, p. 8 (La.2/25/03), 843 So.2d 1049, 1053.
William Elmer died on June 17, 2001. Shortly thereafter, Succession of William Jay Elmer, case number 568-711 was filed in Division L of the 24th Judicial District Court. In that proceeding, William Elmer's brother, Charles Elmer, asserted that William died intestate and that he was William's sole heir. On July 19, 2001, Darlene Lozier filed a Petition to Intervene, asserting that William had a will prepared in April 2000 and that she was named as his sole heir. She attached an unsigned copy of that will and asserted that she believed a properly executed copy of this will existed. She asked the court to order a search for the will and to appoint an independent third party administrator of the estate. The record shows that the trial judge in that case ultimately found that William Elmer died intestate and that his brother Charles Elmer was his sole heir.
In order to determine if res judicata precludes an action, the chief inquiry is whether the second action asserts a cause of action that arises out of the transaction or occurrence that was the subject matter of the first action. Sanders v. Silverthorn, 03-2726, p. 8 (La.App. 1 Cir. 2/11/05), 906 So.2d 518, 524, writ denied, 05-659 (La.4/29/05), 901 So.2d 1076; Roland v. Owens, 00-1846 (La.App. 5 Cir. 4/24/01), 786 So.2d 167, 169, writ denied, 01-1500 (La.8/31/01), 795 So.2d 1213. In this case, the record does not show that Ms. Lozier made any claims in the succession proceeding as a former employee for past wages or for breach of any contract between Ms. Lozier and William Elmer, which are the claims that she brings in this lawsuit. Ms. Lozier's claims for past wages arose from her employment with Mr. Elmer. Her claims for breach of contract arose from her prior relationship with Mr. Elmer and alleged promises he made to her. Ms. Lozier's claims do not arise from the transaction or occurrence that was the subject matter of the first action, i.e. William Elmer's death and the subsequent rights of ownership of his estate.
The Estate acknowledges that Ms. Lozier did not bring her claims for past wages and breach of contract in the succession proceeding and thus, these claims were not previously litigated. However, the Estate argues that these claims were required to be brought in the succession proceeding, because ownership of William Elmer's assets was at issue in the succession proceeding, and Ms. Lozier's claims for damages against the Estate could only be satisfied with those assets.
LSA-C.C.P. art. 3246 provides:
A creditor of a succession may not sue a succession representative to enforce a claim against the succession until the succession representative has rejected the claim.
If the claim is rejected in whole or in part by the succession representative, *514 the creditor to the extent of the rejection may enforce his claim judicially. (Italics added.)
Comment (c) to LSA-C.C.P. art. 3246 provides:
The second paragraph of this article is based upon Art. 986 of the 1870 Code of Practice, which provides that if the claim is not liquidated or if the representative refuses to approve it, the creditor may bring an ordinary action or may proceed by way of opposition to the final account. The language "may enforce his claim judicially" is intended to cover both of these procedures. (Italics added.)
Ms. Lozier apparently chose to bring her claims against the Estate of William Elmer judicially as an ordinary action when she filed her "Petition to Recover Damages for Breach of Contract Against the Estate of William Jay Elmer and to Recover Payment of Wages Owed by the Estate of William Jay Elmer" on October 26, 2001. At the time that this lawsuit was filed, the succession proceedings were apparently still open, because an Amended Judgment of Possession was signed by the trial judge in that proceeding on November 8, 2001. Ms. Lozier was not required to bring her claims in the succession proceeding, and she was entitled to file her claims in this separate lawsuit. LSA-C.C.P. art. 3246 provides that a claim against a succession may be enforced "judicially." It does not state that such claims must be brought in succession proceedings.
It is well settled that, on considering an exception of res judicata, the burden of proof is on the party who urges the exception to prove its essential elements by a preponderance of the evidence. Davis v. Home Depot, 96-850 (La.App. 5th Cir.2/25/97), 690 So.2d 208, 211, writ denied, 97-728 (La.5/1/97), 693 So.2d 740. If there is any doubt as to its applicability, the exception must be overruled. Louisiana Workers' Compensation Corp. v. Betz, 00-0603, p. 3 (La.App. 4th Cir.4/18/01), 792 So.2d 763, 765; Ortiz v. Ortiz, 01-1252 (La.App. 5 Cir. 5/15/02), 821 So.2d 35, 38. Res judicata cannot be invoked unless all of its essential elements are present and each necessary element has been established beyond all question. Kelty v. Brumfield, 93-1142, p. 8 (La.2/25/94), 633 So.2d 1210, 1215; Spear v. Prudential Property and Cas. Ins. Co., 98-1663 (La. App. 4 Cir. 1/13/99), 727 So.2d 640, 642.
Considering the evidence and the applicable law, we find that the claims set forth in Ms. Lozier's petition in this case do not arise out of the same transaction of occurrence that was the subject matter of the succession proceedings. Thus, the Estate did not meet its burden of proving that all of the essential elements of res judicata existed in this case.[1] Accordingly, the trial court erred in granting the Estate's exception of res judicata. We reverse the judgment of the trial court and remand this case to the trial court for further proceedings.

DECREE
For the reasons set forth above, we reverse the trial judge's July 25, 2007 judgment granting defendant's exception of res judicata, and we remand the case for further proceedings.
REVERSED AND REMANDED.
NOTES
[1] Considering our ruling that one of the elements required for a finding of res judicata has not been satisfied, it is unnecessary to determine if other elements were not established as well.