DANIEL L. DYSART, Judge.
| ;Paulette Stall appeals the grant of an exception of res judicata in favor of The Bakery Condominium Association, Inc. For the following reasons, we affirm.
FACTS AND PROCEDURAL HISTORY:
Paulette Stall owns a unit in the Bakery Condominiums (“The Bakery”), and by virtue of her ownership, is a member of the Bakery Condominiums Association (hereinafter “Association”). The Bakery was developed by Historic Restorations, Inc. (HRI), and was managed by HRI until 2006.
At the time of Hurricane Katrina, August 2005, the Bakery was one of the properties covered under a policy of insurance obtained by HRI from RSUI. The Bakery building was damaged by Hurricane Katrina, and HRI subsequently made a claim for damages with RSUI.
*1113 HRI claimed that the roof, windows, siding and other items were damaged in the storm due to water intrusion. RSUI disputed the cause, scope and extent of the damage. Because the HRI anticipated delays in obtaining recovery from the insurance policy, HRI proposed that a special assessment be levied against the unit 1 ¡.owners so that immediate repairs could be made to the building to prevent further water intrusion. A written proposal was sent to each owner on or about December 1, 2005. Ms. Stall signed the proposal, thus voting for the special assessment.
In June of 2006, the Association voted to use $30,000 of the assessment money to replace a water pump. As a member of the Association, Ms. Stall was entitled to and did vote for the new water pump. The Association members were made aware at that time they would be reimbursed for their contributions to the special assessment fund out of the insurance proceeds once received.
After HRI settled with RSUI, the settlement proceeds were allocated to the properties covered by the policy. In early October 2009, the Association received its portion of the settlement monies. The Association in turn informed the unit owners that they would each be reimbursed for approximately 45% of the special assessment they had contributed. The Association also paid out insurance proceeds to the unit owners who had sustained Katrina damages.
It was at this point that Ms. Stall voiced her displeasure with the amount of proceeds she received. On August 28, 2007, Ms. Stall filed her first lawsuit against State Farm[1], HRI, the Association and its president. In her suit, she alleged that HRI lacked the authority to negotiate a settlement on behalf of the Association, and that HRI was negligent in entering into a settlement agreement on her behalf without her prior approval. She further alleged that the Association and its president improperly delegated the authority to HRI to negotiate a settlement, |sand that RSUI breached the policy of insurance by settling with HRI. She claimed that because of the improper and negligent actions of the various parties her damages were vastly underestimated.
HRI and RSUI filed exceptions of no right of action, no cause of action and improper cumulation of actions. The Association and its president filed exceptions of no right of action and no cause of action. The trial court granted all exceptions raised, and dismissed Ms. Stall’s claims with prejudice. This Court affirmed the trial court and denied rehearing. Ms. Stall did not seek a writ from the Louisiana Supreme Court. The judgment on the first lawsuit thus became final on October 29, 2008.
On November 20, 2009, Ms. Stall filed the instant lawsuit solely against The Bakery Condominium Association. Ms. Stall alleged that the Association misappropriated insurance proceeds, and that she was denied her share of the proceeds to repair damages to her unit. She alleged that the Association violated its own rules and the “Louisiana Condominium Law.” These violations resulted in a breach of contract between Ms. Stall and the Association, and a breach of the fiduciary duty owed by the Association to Ms. Stall.
The Association again filed exceptions of no right of action, no cause of action, and an exception of res judicata. The trial court granted the exception of res judicata and dismissed Ms. Stall’s suit, with prejudice. This appeal followed.
*1114 1 ¿DISCUSSION:
Louisiana Revised Statute 13:4231, entitled Res judicata, provides:
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.[2]
In Burguieres v. Pollingue, 02-1385 (La.2/25/03), 843 So.2d 1049, the Supreme Court set forth five elements to satisfy to determine if res judicata applies to a second lawsuit: (1) is the judgment from the first action valid; (2) is that |,.judgment final; (3) are the parties the same; (4) did the cause or causes of action asserted in the second suit exist at the time of the final judgment in the first action; and, (5) did the cause or causes of action asserted in the second suit arise out of the same transaction or occurrence that was the subject matter of the first suit. Burguieres, 02-1385, p. 7, 843 So.2d at 1053.
Ms. Stall does not dispute that the first two elements are met. She, however, argues that the last three elements are not. First, Ms. Stall argues that she is not the same party that sued in the first suit. In the first suit, she was a shareholder and in this suit she is an individual. This argument is illogical. In the first suit, as in this one, Ms. Stall was an individual suing The Bakery; she did not sue as a representative of a legal entity in the first suit. The main reason expressed by this Court as to why Ms. Stall had no right of action in the first lawsuit was because she would have had to sue as a shareholder (a derivative suit), but she sued as an individual. Clearly, the third element of the Burgui-eres test is met.
*1115 Ms. Stall attempts to distinguish the present causes of action from those asserted in the first lawsuit, arguing that the causes of action in this litigation did not exist at the time of the first lawsuit. She argues that the claim in the present suit for breach of contract and negligent misrepresentation by The Bakery “had not fully ripened.” Ms. Stall contends that the complete facts about the current claim were not in the record of the first appeal.
The Bwrguieres test does not require that facts be present in the record; rather, the test is to determine if the cause or causes of action existed. The record indicates that not only had the negotiations been completed between The Bakery and RSUI at the time of the first lawsuit, but the insurance proceeds had been distributed to the unit owners. Thus, her claims of breach of contract and negligent | ^misrepresentation existed at the time the first lawsuit was filed, satisfying the fourth element of the test.
Lastly, the fifth element to be satisfied to determine if res judicata applies is whether the cause or causes of action asserted in the second suit arise out of the same transaction or occurrence that was the subject matter of the first suit. The basis of Ms. Stall’s first lawsuit was that The Bakery mishandled the insurance proceeds by not reimbursing her the amount of money she needed to repair her unit. Although worded differently, Ms. Stall’s claims in the instant case arise out of the same transaction or occurrence, i.e., The Bakery’s misapplication of insurance proceeds caused her to be underpaid for her damages.
Ms. Stall attempts to distinguish her claims in the instant suit from those in the first by arguing that The Bakery breached its contractual relationship with her by violating the by-laws of the condominium association. This is a distinction without a difference. The dealings between The Bakery and RSUI, the insurance company, all took place prior to the filing of the first lawsuit. The distribution of the insurance proceeds likewise took place prior to the filing of the first lawsuit. Hence, any contractual breach took place prior to the filing of the first lawsuit. We find no merit to Ms. Stall’s argument on this point.
Accordingly, finding that all of the elements for a finding of res judicata were satisfied, we find no error in the trial court’s granting of The Bakery’s exception. The trial court judgment is affirmed.
AFFIRMED

. Her personal homeowner’s carrier.

. Acts 1990 — No. 521, § 1, amended the law on res judicata. The official comments provide:
"(a) R.S. 13:4231 makes a substantive change in the law.... The central inquiry is not whether the second action is based on the same cause or cause of action (a concept which is difficult to define) but whether the second action asserts a cause of action which arises out of the transaction or occurrence which was the subject matter of the first action. This serves the purpose of judicial economy and fairness by requiring the plaintiff to seek all relief and to assert all rights which arise out of the same transaction or occurrence. This prevents needless litigation of the underlying facts and will free the defendant from vexatious litigation; and, by focusing on the transaction or occurrence which would be comparatively easy to determine, this proposal avoids the much more difficult problem of defining what constitutes "cause of action” is avoided [sic]. For purposes of res judicata it would not matter whether the cause of action asserted in the second action was the same as that asserted in the first or different as long as it arose out of the transaction or occurrence that was the subject matter of the first action, (b) R.S. 13:4231 also changes the law by adopting the principle of issue preclusion. This principle serves the interests of judicial economy by preventing litigation of the same issue between the same parties.... ”