TERRI F. LOVE, Judge.
hThis appeal arises from the appellees’ allegedly fraudulent overcharging of insurance premiums on appellant’s hotel and restaurant property. The appellant filed a supplemental and amended petition alleging the appellees’ overcharging after the trial court granted a motion for summary judgment, which dismissed the appellees. The appellees then filed a peremptory exception of res judicata, which the trial court granted. We find that the alleged charging of excessive premiums arose from the same transaction or occurrence as the initial charges, and find that the doctrine of res judicata applies. We also find that the trial court did not abuse its discretion for denying the appellant’s-motion for new trial, as ho exceptional circumstances are present. Accordingly, we affirm the judgment of the trial court.

FACTUAL BACKGROUND AND PROCEDURAL HISTORY

BBCL Enterprises, LLC (“BBCL”) is the owner of a hotel and restaurant complex, consisting of two hotel buildings and a detached restaurant building, located at 12001 1-10 Service Road, New Orleans, LA 70128. Marcus Eagan and Eagan In *67 surance Agency, Inc. (collectively “Eagan”) procured a Builder’s Risk Policy, No, B9S2IM1001191-00, for . BBCL, through American Alternative Insurance Corporation (“AAIC”) from December, 20, 2008, to December 20, 2009. |2The policy was renewed, by endorsement, for the policy period December 20, 2009, to December 20, 2010. In September 2010, copper wire and pipes were stolen from the hotel’buildings and the restaurant' by vandals.
. BBCL filed a claim with AAIC for the damages.- AAIC alleged that, the restaurant was not covered because the restaurant was not part of the insured premises. BBCL then filed a petition against AAIC, Eagan, and Britt/Paulk Insurance Agency, Inc. for failure to include the restaurant in the policy and failure to properly adjust the claim. Eagan filed a Motion for Summary Judgment contending that it “should not be held liable for failing to include the restaurant in AAIC’s insurance policy, because ‘even if the restaurant had been part of the insured premises, there would not have been any coverage under AAIC’s policy because BBCL breached ... the Protective Devices Schedule, when it failed to have the ■ restaurant fully fenced and locked during non-working hours.’ ” The trial court granted the Motion for Summary Judgment and dismissed Eagan from the lawsuit with prejudice.
Subsequently, BBCL filed a Second Supplemental and Amended Petition for Damage's alleging that Eagan and AAIC charged “grossly excessive premiums.” Eagan filed a Motion to Strike, contending that BBCL’s claims against Eagan were dismissed with prejudice, so that any additional claims against them were perempted pursuant to La. ■ R.S. 9:5606 and were barred by the doctrine of res judicata. BBCL further expounded upon these new claims in a Third Supplemental and Amended Petition. Eagan then, filed exceptions -based on res judicata, peremption, and prescription. The trial court granted. Eagan’s peremptory exception of res judicata. BBCL filed.a Motion for New Trial and Request for Written Reasons, , which the trial court denied. BBCL’s appeal followed.
laBBCL appealed asserting that the trial court committed manifest err by granting the exception of res judicata and abused its discretion by denying the motion for new trial because exceptional circumstances exist to exempt the second set of claims from the doctrine of res judicata.

STANDARD OF REVIEW

“The standard of review of a peremptory exception of res judicata requires an appellate court to determine if the trial court’s decision is legally correct or incorrect.” Myers v. Nat’l Union Fire Ins. Co. of Louisiana, 09-1517, p. 5 (La.App. 4 Cir. 5/19/10), 43 So.3d 207, 210. “We review factual issues relating to an exception of res judicata on a manifest error/clearly wrong basis.” Countrywide Home Loans Servicing, LP v. Thomas, 12-1304, p. 3 (La.App. 4 Cir. 3/20/13), 113 So.3d 355, 357.
“The applicable standard of review in ruling on a motion for new trial is whether the trial court abused its discretion.” Campbell v. Tork, Inc., 03-1341, p. 4 (La.2/20/04), 870 So.2d 968, 971.

RES JUDICATA

“Res judicata is an issue preclusion device found both in federal law and in state law.” Terrebonne Fuel & Lube, Inc. v. Placid Ref. Co., 95-0654, p. 11 (La.1/16/96), 666 So.2d 624, 631. “The civilian concept of res judicata is based upon a presumption of correctness.” Burguieres v. Pollingue, 02-1385, p. 7 (La.2/25/03), 843 So.2d 1049; 1053.
*68 “In Louisiana, the doctrine of res judicata is stricti juris; any doubt regarding the application of the doctrine must be resolved against its application.” Bd. of Sup’rs of Louisiana State Univ. v. Dixie Brewing Co., Inc., 14-0641, p. 6 (La.App. 4 Cir. 11/19/14), 154 So.3d 683, 688. “The doctrine of res judicata 1 ¿precludes re-litigation of claims and issues arising out of the same factual circumstances when there is a valid final judgment.” Igbokwe v. Moser, 12-1366, p. 4 (La.App. 4 Cir. 4/24/13), 116 So.3d 727, 730. “It is designed to promote judicial efficiency and final resolution of disputes.” Id. “[I]t is well established that on an exception of res judicata, the burden is on the exceptor to prove the essential elements by a preponderance of the evidence.” Id.
La. R.S. 13:4231 sets forth our doctrine of res judicata as follows:
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
(1) If the judgment is in favor of the plaintiff, all causes of action existing at the-time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
“The Louisiana Supreme Court ... determined that ... five elements must be satisfied for a finding that a second action is precluded by res judicata.” Igbokwe, 12-1366, p. 5,116 So.3d at 731. The elements are that:
(1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of the final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation.

Id.

|fiBBCL contends that the judgment granting Eagan’s Motion for Summary Judgment has no preclusive effect upon its claims regarding excessive premiums. Eagan asserts that the matter is res judicata. The first two requirements are met for res judicata: the judgment was valid and final. Additionally, the parties are exactly the same, and are present in the same capacity. Eagan, as the procurer of insurance, and BBCL, as the purchaser of the insurance policy. Accordingly, we find that the third requirement of res judicata was met.
The fourth element requires that “the cause or causes of action asserted in the second suit existed at the time of the final judgment in the first litigation.” La. R.S. 13:4231. On the record, the admission was made by BBCL that it: “did not become aware of the claim regarding excessive premiums until shortly before the hearing on Eagan’s Motion for Summary Judgment when an expert in the industry explained to BBCL that the premiums they had paid were based on a grossly overvalued insurable interest.” Thus, BBCL knew of the existence of a possible claim *69 regarding excessive premiums prior to the hearing on the Motion for Summary Judgment. Information regarding the claim for excessive premiums was included in BBCL’s opposition to the Motion for Summary Judgment. Therefore, the cause of action for excessive premiums existed when the trial court granted Eagan’s Motion for Summary Judgment and dismissed all claims again Eagan with prejudice.
Lastly, “the cause or causes of action asserted in the second suit” must arise' “out of the transaction or occurrence that was the subject matter of the first .litigation.” La. R.S. 13:4231. However,
[ujnder the new R.S. 13:4231 the second action would be barred because it arises out of the occurrence which was the subject matter of the prior litigation. The central inquiry is not whether the second faction is based on the same, cause or cause of action (a concept which is difficult to define) but whether the second action asserts a cause of action which arises out of the transaction or occurrence which was the subject matter of the first action ... This prevents needless relitigation of the underlying facts and will free the defendant from vexatious litigation.
Comment (a) La. R.S. 13:4231. The cause' of action in the second suit concerns Ea-gan’s actions regarding procuring an insurance policy for BBCL. The first suit involved Eagan’s actions, or lack thereof, of procuring an insurance policy for BBCL. We find this comports with the fifth requirement of res judicata. See also Chauvin v. Exxon Mobil Corp., 14-0808, p. 14 (La.12/9/14), 158 So.3d 761, 770.
We find this case similar to Stall v. Bakery Condo. Ass’n, 11-0103, p. 6 (La. App. 4 Cir. 5/18/11), 66 So.3d 1112, 1115. In Stall, “[t]he basis of Ms. Stall’s first lawsuit was that The Bakery mishandled the insurance proceeds by not reimbursing her the amount of money she needed to repair her unit.” Id. Plaintiff Stall attempted “to distinguish her claims in the instant suit from those in the first by arguing that The Bakery breached its contractual relationship with her by violating the by-laws of the condominium association.” Id. This Court determined that this was “a distinction without a difference.” Id. Reasoning that “[t]he dealings between The Bakery and RSUI, the insurance company, all took place prior to the filing of the first lawsuit,” this Court found that all of the elements of res judicata were satisfied. Id.
Much like Stall, we find that the second suit asserting that Eagan obtained “grossly excessive” insurance premiums arises out the same transaction or occurrence that was the subject matter of the first suit, wherein BBCL alleged that Eagan failed to include the restaurant building in AAIC’s insurance policy. Both suits arose from Eagan obtaining insurance for BBCL. See also Barrasso Usdin Kupperman Freeman & Darver, L.L.C. v. Burch, 14-1020, p. 13 (La.App. 4 Cir. 3/18/15), 163 So.3d 201, 210; Glass v. Alton Ochsner Med. Found., 04-1824, p. 7 (La. App. 4 Cir. 6/1/05), 907 So.2d 782, 787. Accordingly, as all five prerequisites for the application of res judicata are present, we do not find that the trial court erred in granting Eagan’s exception of res judicata, and affirm.

PEREMPTION/PRESCRIPTION

Because we found that the trial court correctly granted Eagan’s exception of res judicata, we pretermit the discussions of peremption and prescription.

MOTION FOR NEW TRIAL

BBCL asserts that the trial court abused its discretion by denying the Motion for New Trial because exceptional *70 circumstances warrant preventing res ju-dicata from barring the suit on excessive insurance premiums. BBCL also avers that public policy requires the progression of the suit because of the alleged unfair or deceptive acts in setting the insurance premiums.
A new trial shall be grantéd:
(1) When the verdict or judgment appears clearly contrary to the law and the evidence.
(2) When the .party has discovered, since the trial, evidence important to the cause, which he could not, with due diligence, have obtained before or during the trial.
(3) When the jury was bribed or has behaved improperly so that impartial justice has not been done.
La. C.C.P. art. 1972. Additionally, the trial court may grant a new trial “in any case if there is good ground therefor, except as otherwise provided by law.” La. C.C.P. art. 1973.
Further, La. R.S. 13:4232 provides that “[a] judgment does not bar another action by the plaintiff’ if:
18(1) When exceptional circumstances justify relief from the res judicata effect of the judgment;
(2) When the judgment dismissed the first action without prejudice; or,
(3) When the judgment reserved the right of the plaintiff to bring another action.
“This discretion is necessary to allow the court to balance the principle of res judi-cata with the interests of justice.” Spear v. Prudential Prop. & Cas. Ins. Co., 98-1663, p. 4 (La.App. 4 Cir. 1/13/99), 727 So.2d 640, 642. “It is designed to protect those drawn into error by an awkward factual or legal scenario, not those who can allude to no circumstance to justify their inaction below.” Spear, 98-1663, p. 4, 727 So.2d at 643.
In Spear, this Court held that the insurer did not prevent the plaintiff from amending her petition or providing proof of alleged bad faith. 98-1663, p. 6, 727 So.2d at 643. Therefore, this- Court found no reason to find that exceptional circumstances existed to prevent the application of res judicata. Id. Conversely, the Third Circuit held that an insurer may not benefit. from ■ res judicata when it failed to present the insurance policy to-the plaintiff until a few days before trial. Brouillard v. Aetna Cas. & Sur. Co., 94-1559, p. 4 (La. App. 3 Cir. 5/10/95), 657 So.2d 231, 233.
' The equitable considerations from Brouillard'' and La. R.S. 13:4232 are not present in the case sub judi'ce. Unlike the defendant in Brouillard, and similar to Spear, Eagan did not prevent BBCL from discovering that Eagan’s premiums'-were excessive. Prior to the hearing on Ea-gan’s Motion for Summary Judgment, “an expert in the industry explained to BBCL that the premiums they, had paid were based on a grossly overvalued insurable .interest.” In fact, BBCL raised the claim in the opposition to Eagan’s Motion for Summary Judgment before the trial court. |flWe do hot find that the trial court abused its discretion by denying BBCL’s Motion for New Trial because no extraordinary circumstances' are present. Accordingly, we affirm.

DECREE

For the aforementioned reasons, we find that the trial court correctly granted Ea-gan’s exception of res judicata because BBCL’s second claims against Eagan arose out of the same transaction or occurrence as the first. Further, we find .that the trial court did not abuse its discretion by denying BBCL’s Motion for New Trial, as no exceptional circumstances existed to *71 warrant a new trial to prevent the application of res judicata, The judgment of the trial court is affirmed.
AFFIRMED