| RACHEL SKOWYRA | * | NO. 2022-CA-0595 |
| VERSUS | * | |
| | | COURT OF APPEAL |
| CHRISTOPHER STOKES II | * | |
| | | FOURTH CIRCUIT |
| | * | |
| | | STATE OF LOUISIANA |

\* \* \* \* \* \* \*

APPEAL FROM
FIRST CITY COURT OF NEW ORLEANS
NO. 2020-03160, SECTION "C"
Honorable Veronica E Henry, Judge

\* \* \* \* \* \*

**Chief Judge Terri F. Love**

\* \* \* \* \* \*

(Court composed of Chief Judge Terri F. Love, Judge Dale N. Atkins, Judge Rachael D. Johnson)

Max S. Ciolino
Julia Elizabeth Zuckerman
CIOLINO AND ONSTOTT, LLC
400 Poydras Street, Suite 2145
New Orleans, LA 70130

      COUNSEL FOR PLAINTIFF/APPELLEE

Christopher M. Short
KEIFER & KIEFER
2310 Metairie Road
Metairie, LA 70001

      COUNSEL FOR DEFENDANT/APPELLANT

**REVERSED AND REMANDED**
**JANUARY 31, 2023**

*TFL*

*DNA*

*RDJ*

This is an eviction matter arising during the Covid-19 pandemic ("the pandemic"). Appellant, Christopher Stokes, II ("Stokes"), appeals the trial court's May 12, 2022 judgment which sustained the exceptions of no cause of action and *res judicata* filed by Plaintiff, Rachel Skowyra ("Skowyra"), to Stokes' Petition for Nullity, which sought to invalidate his eviction.

Stokes' Petition for Nullity states a cause of action as to whether Skowyra complied with the statutory guidelines required by the Coronavirus Aid, Relief, and Economic Security ("CARES") Act for a residential eviction during the pandemic. As the Petition for Nullity raises questions as to the validity of the judgment of eviction, the necessary elements have not been met to prevail on an exception of *res judicata*. Accordingly, we reverse the judgment sustaining the exceptions and remand the matter to the trial court for further proceedings consistent with this opinion.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On March 17, 2020, Skowyra rented out an extra room at her property located at 3518 Second Street, New Orleans, Louisiana, to Stokes. The lease agreement included provisions prohibiting Stokes from having other persons and pets live at the property without first obtaining written approval from Skowyra, as well as provisions mandating periodic inspections when the tenant is absent for four (4) or more consecutive days. Skowyra filed a Rule for Possession, alleging that Stokes committed multiple lease violations including: having an unauthorized additional occupant and unauthorized animal living at the property; preventing landlord entry; failure to have property inspected; failure to follow rules; and interfering with use of property.

At the time of Skowyra's efforts to evict Stokes, the federal government had enacted the CARES Act which enacted certain guidelines and placed a foreclosure moratorium on certain residential evictions. In conjunction therewith, First and Second City Court for the Parish of Orleans required that Skowyra, as the landlord, execute a Sworn Verification of Non-Coverage under Section 4023(d) and Section 4024 of the CARES Act form simultaneously with her Rule for Possession. The verification form included the language "I verify that this property is not a 'covered property'* as defined by Section 4024(a)(1) of the CARES Act.* The facts on which I base my conclusion are as follows based on the following:[.]" Thereafter, three (3) statements follow with instructions for the affiant to "…initial in all fields that you have researched/verified." Skowyra did not initial the

2

statement that provides that "I have verified that my mortgage is not 'insured, guaranteed, supplemented, or assisted in any way' by the U.S. Department of Housing and Urban Development ("HUD"), the Veterans Administration ("VA"), or the U.S. Department of Agriculture ("USDA")." However, Skowyra initialed the two remaining statements verifying that the property was not encumbered by other types of federally-backed mortgages. The trial court accepted Skowyra's verification form, and the matter proceeded to trial.

On July 24, 2020, the trial court ruled in favor of Skowyra and evicted Stokes from the property. On August 5, 2020, Skowyra notified Stokes that the police department would be removing Stokes' possessions from the property on August 6, 2020. Stokes then filed a motion for new trial on August 6, 2020, alleging insufficient notice of Skowyra's Rule for Possession.[1] The trial court denied Stokes' motion on August 12, 2020. Stokes did not appeal the ruling.

On July 21, 2021, Stokes filed a Petition for Nullity, seeking to have the trial court's July 24, 2020 judgment of eviction nullified pursuant to La. C.C.P. art. 2004[2] and/or for failure to comply with the CARES Act. In response, Skowyra

---

[1] Stokes' motion for new trial alleged that he was first notified of any eviction proceedings on August 5, 2020, when Skowyra texted him that the police would be removing Stokes' belongings from the property on the following day.

[2] La. C.C.P. art. 2004 states the following:

> A. A final judgment obtained by fraud or ill practices may be annulled.
>
> B. An action to annul a judgment on these grounds must be brought within one year of the discovery by the plaintiff in the nullity action of the fraud or ill practices.
>
> C. The court may award reasonable attorney fees incurred by the prevailing party in an action to annul a judgment on these grounds.

3

filed peremptory exceptions of no cause of action, no right of action, and *res judicata*. The trial court rendered judgment which overruled the exception of no right of action and sustained the exceptions of no cause of action and *res judicata*. Stokes timely appealed the judgment as to the sustained exceptions.

## STANDARD OF REVIEW

"Reviewing a trial court's ruling sustaining an exception of no cause of action, appellate courts apply a *de novo* standard for two reasons: (i) the exception raises a question of law; and (ii) a trial court's ruling on the exception, as a general rule, is based solely on the sufficiency of the petition." *Waiters v. deVille*, 19-1048, p. 8 (La. App. 4 Cir. 4/22/20), 299 So.3d 728, 735. However, a review of the merits is not allowed when considering an exception of no cause of action because all doubts and ambiguities are to be resolved in favor of the plaintiff. *Id.*, pp. 8-9, 299 So.3d at 735. That is, "[t]he limited function of an exception of no cause of action is to determine whether the law provides a remedy to anyone assuming that the facts plead in the petition will be proven at trial." *Id.*, p. 9, 299 So.3d at 735 (quoting *Farmco, Inc. v. W. Baton Rouge Par. Governing Council*, 01-1086, p. 1 (La. 6/15/01), 789 So.2d 568, 569) (*per curi[a]m*)).

"The standard of review of a peremptory exception of *res judicata* requires an appellate court to determine if the trial court's decision is legally correct or incorrect." *BBCL Enters, LLC v. American Alt. Ins. Corp.*, 15-0469, p. 3 (La. App. 4 Cir. 2/3/16), 187 So.3d 65, 67 (quoting *Myers v. Nat'l Union Fire Inc. Co. of Louisiana*, 09-1517, p. 5 (La. App. 4 Cir. 5/19/10), 43 So.3d 207, 210)). "We

4

review factual issues relating to an exception of *res judicata* on a manifest error/clearly wrong basis." *Id*. (quoting *Countrywide Home Loans Servicing, LP v. Thomas*, 12–1304, p. 3 (La. App. 4 Cir. 3/20/13), 113 So.3d 355, 357)).

## DISCUSSION

### *Peremptory Exception of No Cause of Action*

Stokes contends that his Petition for Nullity clearly states a cause of action, or in the alternative, that the trial court erred in failing to grant Stokes leave to amend pursuant to La. C.C.P. art. 934. Conversely, Skowyra argues that Stokes has no cause of action because the CARES Act does not apply. "Unlike a motion for summary judgment, in making the determination on an exception of no cause of action, all well pleaded allegations of fact in the petition [] must be accepted as true, and no reference can be made to extraneous supportive or controverting evidence." *Waiters*, 19-1048, p. 9, 299 So.3d at 735-736 (quoting *Pelts & Skins, L.L.C. v. La. Dept. of Wildlife and Fisheries*, 05-0952, p. 8 (La. App. 1 Cir. 6/21/06), 938 So.2d 1047, 1052-53)).

In the instant case, Stokes sought to nullify the trial court's judgment of eviction based on Skowyra's alleged failure to comply with the mandatory notice-to-vacate provisions set forth in the CARES Act. Stokes avers that the eviction judgment was predicated upon Skowyra's defective affidavit, which he maintains failed to verify that the rental property was not covered under the CARES Act, and thus, exempt from its statutory provisions. Stokes alleges that because the property was in fact a covered dwelling secured by a federally-backed mortgage loan (a VA

loan, to wit), the heightened notice requirements of the CARES Act applied. Inasmuch as his eviction was improper under these allegations, Stokes argues that he has a cause of action to nullify the eviction judgment under La. C.C.P. art. 2001, *et seq.*[3] We agree and find that Stokes sufficiently articulated a cause of action to set aside the eviction judgment in his Petition for Nullity.

In granting Skowyra's exception of no cause of action, the trial court improperly considered Skowyra's argument that the issue of the defective affidavit was moot because Stokes' eviction was unrelated to the payment of rent—a prerequisite to trigger the CARES Act—hence, the Act did not apply. However, as referenced in *Waiters*, 19-1048, p. 9, 299 So.3d at 736, courts are not allowed to evaluate extraneous supportive or controverting evidence in determining an exception of no cause of action. The applicability of the CARES Act to evictions for reasons other than non-payment of rent is an issue more properly addressed in a motion for summary judgment. As such, we reverse the trial court's judgment sustaining Skowyra's exception of no cause of action.

***Peremptory Exception of Res Judicata***

"In Louisiana, the doctrine of *res judicata* is *stricti juris*; any doubt regarding the application of the doctrine must be resolved against its application." *Bd. of Sup'rs of Louisiana State Univ. v. Dixie Brewing Co., Inc.*, 14–0641, p. 6 (La. App. 4 Cir. 11/19/14), 154 So.3d 683, 688 (citations omitted). "The doctrine of *res judicata* precludes re-litigation of claims and issues arising out of the same

---

[3] La. C.C.P. art. 2001 provides that "[t]he nullity of a final judgment may be demanded for vices of either form or substance, as provided in Articles 2002 through 2006."

factual circumstances when there is a valid final judgment." *BBCL Entes, LLC*, 15-0496, pp. 3-4, 187 So.3d at 68 (quoting *Igbokwe v. Moser*, 12-1366, p. 4 (La. App. 4 Cir. 4/24/13), 116 So.3d 727, 730)).

Stokes asserts that the judgment of eviction and the ensuing denial of his motion for new trial do not preclude his action for nullity of the eviction judgment. Contrariwise, Skowyra contends that the trial court correctly decided that the matter is *res judicata*, emphasizing that Stokes is litigating the same set of operative facts set forth in the initial eviction litigation. Upon review of the required elements to maintain a *res judicata* action, we agree with Stokes.

In *Igbokwe*, 12-1366, p. 5, 116 So.3d at 731, the Fourth Circuit discussed that the Louisiana Supreme Court has determined that five elements must be present for a party to prevail on a *res judicata* claim:

> (1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of the final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation.

Here, there is a question as to the validity of the judgment of eviction. "To have any preclusive effect a judgment must be valid, that is, it must have been rendered by a court with jurisdiction over subject matter and over parties, and proper notice must have been given." La. R.S. 13:4231 cmt. (d). Both the eviction judgment and the subsequent denial of Stokes' motion for new trial were based on the trial court's acceptance that Skowyra properly executed the verification of non-coverage. However, such was not the case. The record substantiates that Skowyra

7

failed to complete that portion of the verification form requesting verification that her mortgage was not "insured, guaranteed, supplemented, or assisted in any way" by HUD, the VA, or the USDA. Thus, the trial court's decision not to apply the heightened 30-day notice requirement was based upon a defective verification form, and moreover, Skowyra's failure to properly execute the verification form to verify if the rental property was subject to the CARES Act could arguably invalidate the judgment of eviction. Hence, Skowyra's claim of *res judicata* is precluded as Skowyra does not satisfy the first element—a valid judgment—to maintain the exception. We therefore reverse the trial court's judgment sustaining Skowrya's exception of *res judicata*.

## DECREE

For the aforementioned reasons, we find that the trial court improperly sustained Skowyra's peremptory exceptions of no cause of action and r*es judicata*. Stokes' Petition for Nullity clearly stated a cause of action and the validity of the eviction judgment is questionable. Accordingly, the trial court's judgment is reversed, and this matter is hereby remanded to the trial court for further proceedings consistent with this opinion.

**REVERSED AND REMANDED**